CHASE v. FARMERS' & MERCHANTS' NAT. BANK OF BALTIMORE.

(Circuit Court of Appeals, Third Circuit. January 14, 1913.)

No. 1,644.

BANKRUPTCY (§ 391*)—RIGHTS OF CREDITORS—ACTION ON PROVABLE CLAIM.

The pendency of bankruptcy proceedings is not in itself a bar to an action against the bankrupt on a provable debt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. § 391.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Joseph Buffington, Judge.

Action at law by the Farmers' & Merchants' National Bank of Baltimore against Howard A. Chase. Judgment for plaintiff, and defendant brings error. Affirmed.

John Lisle and Sam'l Scoville, Jr., both of Philadelphia, Pa., for plaintiff in error.

F. B. Bracken, of Philadelphia, Pa., for defendant in error.

Before GRAY and McPHERSON, Circuit Judges, and RELLSTAB, District Judge.

J. B. McPHERSON, Circuit Judge. On April 12, 1911, the Farmers' & Merchants' National Bank of Baltimore brought suit to recover more than $11,000 from Howard A. Chase, the maker of three promissory notes dated respectively August 8, September 4, and October 6, 1906. The affidavit of defense set up the following facts as—

"* * * a just, true, and complete defense to the cause of action as set forth in plaintiff's statement of claim.

"Defendant alleges: That heretofore and on or about the 27th day of March, A. D. 1907, he was duly adjudicated an involuntary bankrupt by proceedings commenced against him in the District Court of the United States

for the Eastern District of Pennsylvania. That in the course of said proceedings Chester N. Farr, Jr., was duly elected as trustee in bankruptcy of the estate of this defendant and has qualified as such, and that the said bankruptcy proceedings are still pending and undetermined, and that said trustee has never filed his account or been discharged as trustee of defendant's estate. That the claim on which this suit is based was included in the schedules filed by this defendant in said bankruptcy proceedings, being one of the debts specified by this defendant in said proceedings. That your deponent is informed and believes that the claim on which this suit was brought was duly proved and filed by the plaintiff in this suit in connection with said bankruptcy proceedings. That this suit has been brought subsequent to the institution of these bankruptcy proceedings and after a trustee of defendant's estate was elected, and that the debt on which this suit is founded is one which is dischargeable in the event of defendant's obtaining his discharge in said bankruptcy proceedings."

The affidavit was held to be insufficient, and judgment was entered for the full amount of the claim. In thus deciding we think the District Court was clearly right. It will be observed that the affidavit does not aver the granting of a discharge, or even the pendency of an application therefor. As the record of the bankruptcy proceedings is not in evidence, we can only conjecture why averments of such obvious importance do not appear. The silence of the affidavit can be accounted for by supposing either that no application for discharge was ever made, or that the discharge was refused; but we shall not assume either explanation to be correct, although it is certain that the situation has not been completely disclosed. In such an affidavit the defense is presumed to be stated as strongly as possible, and we might therefore be justified in supposing as much as this, at least—that for some reason no application for a discharge was ever made, and that no application can now be made after the lapse of more than 18 months since the adjudication. But, even if we take the aspect of the case most favorable to the defendant, the utmost we can presume is that, as the bankruptcy proceedings are still pending and undetermined, there is a possibility, unlikely as it may be, that the bankrupt may still obtain a discharge. Such a situation, however, is in itself no bar to a suit like the present. We find nothing in the act to prevent a creditor from bringing his action upon a provable claim, even after adjudication. If a suit antedate the adjudication, section 63a(5) (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) allows it to be prosecuted to judgment; and reasons may readily exist to make even a postdated suit desirable, e. g., to avoid the possible bar of the statute of limitations, or to liquidate the claim, or to fix a secondary liability on another person. Enforcement of the judgment in such a suit presents a different question, but with that we are not now concerned. The creditor is now asking, not for execution, but merely that judgment be entered in his favor, and to that we see no objection. The act does not forbid it, and (as we have just stated) there may be good reasons by a creditor should be allowed to reduce a provable claim to judgment, even by bringing suit after adjudication. In one of the common pleas courts of Pennsylvania a closely similar situation has been satisfactorily discussed by President Judge Endlich (Reading Trust Co. v. Boyer, 15 Pa. Dist. R. 45), and, indeed, we hear of no

decision to the contrary in any court. Re McBryde (D. C.) 99 Fed. 686, cited by the learned judge below, supports the present suit.

To permit such an action may perhaps be discretionary; the argument in favor of the bankrupt can hardly go farther than that; but, even if this be so, we can only say that nothing appears to show' an improper exercise of the court's discretion.

The judgment is affirmed.