IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION.

---

## NASHVILLE, DECEMBER TERM, 1916.

---

VASHALL HARDCASTLE *v.* NATIONAL CLOTHING CO.

*(Nashville.* December Term, 1916.)

1. **CERTIORARI.** Presumption as to return of warrant.

On application for *certiorari* to review judgment of the court of civil appeals in an action of detinue, where no service of the warrant or writ issued by the justice of the peace appears on the copy thereof as reproduced in the transcript, but no such question was made below, and it affirmatively appears from the evidence that there was such return, the supreme court must conclude that the failure of the warrant as copied is merely the result of a misprision of the clerk in preparing the transcript. (*Post, p.* 67.)

Code cited and construed: Sec. 5137 (S.).

2. **BANKRUPTCY.** Recovery of security.

Under Bankr. Act July 1; 1898, chapter 541, section 67d, 30 Stat. 564 (U. S. Comp. St. 1913, section 9651), providing that liens given or accepted in good faith, and not in contemplation or in fraud of the act, and for a present consideration, which have

(64) [137 Tenn.

Hardcastle v. Clothing Co.

been recorded according to law, if record was necessary to impart notice, shall, to the extent of the present consideration, not be affected by the act, the claim of a vendor of a suit of clothes, who retained title by a contract in writing, was unaffected by bankruptcy proceedings instituted by the buyer two or three days after the sale. (*Post, pp.* 67, 68.)

Acts cited and construed: Acts 1898, sec. 67d.

3. BANKRUPTCY. Jurisdiction of court. Duty of trustee.

The bankruptcy court had power to take charge of a suit of clothes which a bankrupt had purchased, paying only $3 of the $20 for which it was sold, the vendor retaining title by contract in writing, to cause it to be sold to realize any surplus, and to prevent the bringing of any action in a State court to realize on the security after the inception of the bankruptcy proceedings, or to arrest such action if brought, but the trustee in bankruptcy was not bound to interfere with the seller's action in detinue in the State court to enforce his security: there being no reasonable ground for believing that a surplus over the seller's security would be realized. (*Post, pp.* 68, 69.)

Case cited and approved: Re Jersey Island Packing Co., 138 Fed., 625.

4. PLEDGES. Conversion.

The holder of security for a debt has a special property in the security which entitles him to recover its value, to the extent at least of his debt, if it be converted by the debtor. (*Post, p.* 69.)

Cases cited and approved: Zavelo v. Reeves, 227 U. S., 625.

5. BANKRUPTCY. "Provable debt."

A bankrupt's liability to a security holder for a conversion of the security, arising after the institution of bankruptcy proceedings, does not constitute a "provable debt," and is unaffected by Bankr. Act, section 63a (U. S. Comp. St. 1913, section 9647). (*Post, p.* 69.)

137 Tenn.—5

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HARRY A. LUCK, Special Judge.

B. A. BUTLER, for plaintiff in error.

W. B. MARR and BENJAMIN H. LITTLETON, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Two or three days before the plaintiff in error filed his petition in bankruptcy, the defendant in error sold him a suit of clothes at the price of $20, of which sum $3 was paid in cash, and to secure the balance, $17, defendant in error, by a contract in writing, retained title, at the date of the sale. After the institution of the proceedings in bankruptcy, the debt not having been paid, the defendant in error brought his action of replevin before a justice of the peace to recover possession of the goods with a view to foreclosing his lien by a sale under the statute. The officer who held the writ made return that he could not find the property, but summoned the plaintiff in error personally to appear and defend. The

latter not appearing, the defendant in error proceeded in detinue, as was his right (Shan. Code, section 5137), to recover the value of the goods, $17, and judgment was rendered accordingly. On appeal to the circuit court judgment was affirmed. The case was then appealed to the court of civil appeals, where the judgment of the circuit court was reversed, and the suit dismissed. The case is now before us on application for the writ of *certiorari* to the latter court.

We are of the opinion that the writ should be granted, the court of civil appeals reversed, and the judgment of the circuit court affirmed.

1. The court of civil appeals was in error in its holding that the circuit court was without jurisdiction, because there was no return on the warrant, or writ, issued by the justice of the peace showing service of process. It is true no service appears on the copy as reproduced in the transcript, but no such question was made in the court below; and, besides, it affirmatively appears from the evidence that there was such return. We must conclude, therefore, that the failure of the warrant, as copied into the transcript, is merely the result of a misprison of the clerk in preparing the transcript.

2. It is perceived that the action was not brought on the debt, or for the contract price of the goods, but simply to recover the security which had been placed at the time for the debt. This latter was unaffected by the bankruptcy proceedings. Act 1898,

section 67d. This section of the Bankruptcy Act reads:

"Liens given or accepted, in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall (to the extent of such present consideration only) not be affected by this act."

It is true the bankruptcy court had power to take charge of the property, and cause it to be sold for the purpose of realizing the surplus, and so to prevent the bringing of any suit in a State court to realize to the security after the inception of the bankruptcy proceedings, or to arrest such suit if so brought (*Re Jersey Island Packing Co.*, 138 Fed., 625, 71 C. C. A., 75, 2 L. R. A. [N. S.], 560), but the trustee in bankruptcy is not bound to interfere unless there is a reasonable ground for believing that a surplus will be realized; and it would be folly for him to do so where a sufficient surplus could not be realized to justify an attempt to administer the security (Id.). In a case of the kind before us it is perfectly certain there could be no interference, since the amount involved is too small to justify any action on the part of the trustee, there is no evidence that there could be any surplus, and none can be imagined except perhaps the sum of $3, the cash part of the consideration paid at the time, and this is but a trifle. So, although the trustee in bankruptcy can interfere,

this does not render the State court proceeding invalid, so long as he does not interfere, and the latter court can act with perfect freedom where it is apparent that the circumstances are such that no possible benefit could accrue to the bankrupt's estate by such interference.

3. It is true the action under consideration is of a very unusual nature, since the title is generally retained by the vendor in sales of goods because of the supposed financial irresponsibility of the vendee, and ordinarily the recovery of a judgment against the latter for the value of the goods would be but a fruitless expense, but not necessarily so in all cases. And the holder of the security has a special property in it which entitles him to recover its value, to the extent at least of his debt, if it be converted by the debtor. Such a liability, arising after the institution of the bankruptcy proceedings, would not constitute a provable debt thereunder, and would not be affected by that law (section 63a). *Zavelo* v. *Reeves,* 227 U. S., 625, 33 Sup. Ct., 365, 57 L. Ed., 676, Ann. Cas., 1914C, 664.

Reverse the judgment of the court of civil appeals, and affirm the judgment of the circuit court.