ELWOOD GRAIN CO. v. WALKER GRAIN
CO. et al. (No. 2774.)

(Court of Civil Appeals of Texas. Texarkana.
June 14, 1923.)

1. **Abatement and revival ☞43—Bankruptcy proceedings do not ipso facto abate prior proceedings in state court.**

The pendency of bankruptcy proceedings does not ipso facto supersede and abate proceedings previously commenced against the bankrupt in a state court, and *held*, under Bankruptcy Act, § 11a (U. S. Comp. St. § 9595), that an action against a grain elevator company to recover damages for the alleged breach of a contract was improperly dismissed because of the institution of bankruptcy proceedings before the bankrupt had been discharged or plaintiff's claim, filed in such proceedings, passed upon.

2. **Appeal and error ☞714(5)—Statements in brief that order permitting substitution of pleading was entered without notice held insufficient to impeach verity of record.**

Mere unsworn statements in a brief that the record was composed of substituted pleadings, and that the order permitting the filing thereof was entered without notice, are insufficient to impeach the verity of the record.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by the Elwood Grain Company against the Walker Grain Company and others. From judgment of dismissal, plaintiff appeals. Reversed and remanded, with instructions.

Capps, Cantey, Hanger & Short, H. C. Roy, and Stanley Boykin, all of Fort Worth, for appellant.

Cooke, Dedmon & Potter, of Fort Worth, for appellees.

HODGES, J. In July, 1918, the Elwood Grain Company, a private corporation, filed this suit against the Walker Grain Company for approximately $50,000 damages, based upon the alleged breach of a contract for the purchase and shipment of grain. The petition also made parties defendant the Julian A. Ivy Grain Company, J. L. Walker, Mrs. M. M. Walker, his wife, Julian A. Ivy, and Mrs. Julia R. Ivy. After stating the contract and its breach, the petition alleged, in substance, that J. L. Walker owned all of the stock of the Walker Grain Company and the Julian A. Ivy Grain Company except a few nominal shares held by his wife, his brother-in-law, Julian A. Ivy, and his mother-in-law, Mrs. Julia R. Ivy; that J. L. Walker completely dominated and controlled the two corporations and the other stockholders and directors, and used them as instrumentalities to carry out a scheme to defraud his creditors and to avoid liability on his individual transactions; that in pursuance of this scheme the corporations were kept at all times wholly insolvent, and their earnings were by J. L. Walker, aided and abetted by the other stockholders, converted to Walker's use for the purpose of hindering, delaying, and defrauding his creditors. It was further alleged that a large amount of property was held by Walker in his own name which should be subjected to the debts made in the name of the insolvent corporation J. L. Walker Grain Company.

The original petition of the plaintiff was filed on the 22d of July, 1918, but was lost or destroyed, and on motion of the plaintiff the court permitted the filing of what appears in the transcript as a substitute.

On August 16, 1918, approximately a month after the suit had been filed, a petition in bankruptcy was filed against the Walker Grain Company, and that company was subsequently adjudged a bankrupt. A trustee in bankruptcy was appointed, but he did not intervene in this suit or undertake its prosecution; neither did the trustee take any action to dismiss the suit or stay its prosecution.

On October 4, 1922, the defendants below filed the following plea in abatement:

"That since the filing of said suit the Walker Grain Company, a corporation, has been duly adjudged a bankrupt in the District Court of the United States for the Northern District of Texas, and W. W. Wilkinson has been duly appointed and qualified as trustee in bankruptcy in said cause; that the said Elwood Grain Company, the plaintiff herein, has duly proved and filed its claim in bankruptcy in said cause, and the said W. W. Wilkinson, as trustee, representing all of the creditors of said estate, has filed a suit in the District Court of the United States for the Northern District of Texas, No. 268 in equity, wherein he sets up and alleges the same identical matters and things alleged in this suit, and seeks to recover for the benefit of said creditors, including the plaintiff herein, the same identical property sought to be recovered in this suit, and the said W. W. Wilkinson has succeeded to all of the rights and remedies of the plaintiff in this suit and has elected to prosecute this suit in the said Federal Court as he is authorized by law to do and no other or further right exists in the plaintiff herein to prosecute this suit, nor has the plaintiff any further interest in same by reason of the said bankruptcy proceeding and the appointment of said trustee in bankruptcy."

To this plea the plaintiff filed a general demurrer, which was overruled by the court. The plea was sustained and the suit dismissed. In the judgment of dismissal it is recited that it was admitted in open court that the facts stated in the plea in abatement were true.

[1] In appealing from the judgment of dismissal, appellant contends that even if the facts stated in the plea were true the suit should not have been dismissed at the instance of the defendants. It is conceded that the trustee might have intervened in this suit and pushed its prosecution, or he might have asked that further proceedings be suspended till the suit filed by him in the federal court had been determined; but none of those preceedings were instituted. If the suit had been one by the appellant against the Walker Grain Company alone for damages for the breach of a contract, the bankruptcy of the defendant pending the suit would not be grounds for a dismissal. Section 11a of the Bankruptcy Act (U. S. Comp. St. § 9595) provides:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

That the pendency of the bankrupt proceedings does not ipso facto supersede and abate proceedings previously commenced against the bankrupt in a state court, has been definitely decided. Chase v. Farmers' & Merchants' National Bank, 202 Fed. 904, 121 C. C. A. 262; Black on Bankruptcy (3d Ed.) par. 185; Steele v. Bliss, 166 Mich. 593, 132 N. W. 345, 37 L. R. A. (N. S.) 859, Ann. Cas. 1912D, 1022, and cases cited in notes. This suit might have been stayed upon proper application, but the court was not authorized to dismiss it; the bankrupt had not been discharged, nor had the plaintiff's claim been passed upon in the bankrupt court.

[2] Appellees complain of the record as being composed of substituted pleadings. They contend that the order permitting substitution was entered without notice. In the absence of some evidence that the court acted without giving proper notice, or some testimony controverting the statements made by the clerk in the record, we must assume that the transcript is correct, and that the court had jurisdiction to enter the order allowing the substitution. The unsworn statements in the briefs cannot be considered as sufficient evidence to impeach the verity of the record.

We are of the opinion that the court erred in dismissing this suit. The judgment will therefore be reversed and remanded, with instructions to reinstate the case, to await such further proceedings as may be proper under the circumstances.