ELWOOD GRAIN CO. v. WALKER GRAIN CO.  (No. 7355.)

(Court of Civil Appeals of Texas. San Antonio. May 6, 1925. Rehearing Denied June 3, 1925.)

Dismissal and nonsuit ⊂⇒60(3)—Proceedings in state court held properly dismissed for want of prosecution, after stay granted by federal court was set aside.

Where trustee in bankruptcy obtained from federal court a stay of proceedings commenced against bankrupt in state court, and, on stay being set aside by federal court, plaintiff made no attempt to obtain stay from state court, but declined to further prosecute suit, *held* that state court properly dismissed proceedings before it for want of prosecution.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by the Elwood Grain Company against the Walker Grain Company. From a judgment dismissing the cause for want of prosecution, plaintiff appeals. Affirmed.

See, also, 254 S. W. 223.

George M. Conner, Capps, Cantey, Hanger & Short, and Boykin & Ray, all of Fort Worth, for appellant.

Wynn & Robertson, of Fort Worth, for appellee.

FLY, C. J. This suit was instituted by appellant against appellee and others for relief as set out in voluminous pleadings.

Appellee filed a plea in abatement, on the ground that he had been adjudged a bankrupt, and the proceedings were pending, and appellant had filed its claim in bankruptcy. Appellant filed a general demurrer to the plea. The trustee in bankruptcy intervened and prayed that the suit be stayed pending litigation instituted by him in a federal court. On October 8, 1923, the trial court refused to stay the proceedings until the bankruptcy proceedings were finally disposed of, and appellant refused to prosecute its suit. The cause was then dismissed for want of prosecution. On November 27, 1923, on motion of the trustee in bankruptcy, the cause was reinstated to the end that he might obtain an order from the United States District Court requiring the state court to stay all proceedings. The order was obtained and filed in the state court. Afterwards the federal court set aside its order staying proceedings in the state court. The state court then dismissed the cause for want of prosecution. From that order this appeal has been prosecuted.

This cause was considered by the Court of Civil Appeals of the Sixth District on a former appeal, and it was held that the cause should not have been dismissed. The judgment of dismissal in that appeal was based on the plea in abatement, which was sustained. The plea is the same that appears in the record of this case. The decision on the former appeal held that pendency of bankruptcy proceedings did not justify a dismissal, but under proper pleadings the prosecution of the case might have been stayed during the pendency of such proceedings. 254 S. W. 223. When the cause was remanded to the trial court, all proceedings were stayed at the instance of the trustee in bankruptcy, but afterwards, at his instance, and on an order of the federal court, the stay was set aside, and the case was then before the state court for trial.

On October 8, 1923, when the district court was requested by the trustee and appellant to stay proceedings, and such stay was denied, appellant and his trustee declined to further prosecute the suit, and it was dismissed for want of prosecution. The reinstatement was afterwards made at the instance of the federal court, which afterwards held that the stay should not be granted. No effort was made by appellant to further prosecute the suit, and the recital of the judgment that the suit was not being prosecuted must be taken as true.

There is only one assignment of error presented, and it is without merit. The decision of the Court of Civil Appeals has been discussed herein, and it is apparent that no attempt was made by the appellate court to stay the proceedings in the suit pending the bankruptcy, but the court merely held that if the appellate or the trustee sought a stay it should be granted. The trustee sought to obtain and did obtain a stay from the federal court, which was respected by the state court, and when the stay was set aside by the federal court the state court exercised its right to dismiss the cause for want of prosecution. Appellant did not seek to obtain a stay from the state court after the order setting aside the stay was made by the federal court. There is no intimation that appellant or trustee had any intention to further prosecute this suit, their last utterance on the subject being that they would not further prosecute it. In giving notice of appeal a court was named not known to Texas—the "Circuit Court of Civil Appeals." However, we have not considered this ma-

terial, as the evident intent was to appeal to the Court of Civil Appeals at Fort Worth. The matter having been before both federal and state courts, the wires may have become crossed in that way, and the Circuit Court of Appeals became mixed with the Court of Civil Appeals.

There is no merit in the appeal, and the judgment of the district court is affirmed.

### On Motion for Rehearing.

It is stated in the motion "that the law of the case was laid down on a former appeal," and "that the appellate court held that this cause should be stayed upon the docket of the trial court pending the said bankruptcy proceedings." Appellant misconceives or misapprehends the decision on a former appeal. The Court of Civil Appeals at Texarkana did not hold that the proceedings should be stayed pending bankruptcy proceedings. In that decision it was held in plain terms that the pendency of bankruptcy proceedings did not ipso facto supersede and abate proceedings in a state court, and that such proceedings should not have been dismissed by reason of such bankruptcy proceedings. All that was said about a stay of the proceedings in the state court was that they might have been stayed upon proper application, and not one word was said "to the effect that this cause should be stayed upon the docket of the trial court pending the said bankruptcy proceedings of the Walker Grain Company, or until the trustee in bankruptcy chose to prosecute the same." No language used by the court can be distorted into any such ruling, and yet that is the only ground offered for a rehearing.

The motion is overruled.