## PERKINS DRY GOODS CO. v. DENNIS et al.
### No. 1293.

Court of Civil Appeals of Texas. Waco.
Nov. 25, 1932.

Rehearing Denied Dec. 22, 1932.

Wear & Wear, of Hillsboro, for appellant.

Collins & Martin, of Hillsboro, for appellees.

BARCUS, J.

Appellant instituted this suit against appellees to recover $339.41. It went to trial on

an amended petition filed April 12, 1932. On the same date appellees filed their amended answer in which they alleged that they had filed their voluntary petition in bankruptcy and that said petition was still pending in the bankrupt court, and that appellant's claim had been listed as one of their debts in the schedules filed by them in the bankrupt court. They prayed that the appellant's suit be abated until the bankrupt court had finally adjudicated their petition and had determined whether they were entitled to their discharge in bankruptcy.

The cause was tried to the court, and resulted in judgment being entered abating appellant's suit, and the court further in its order dismissed the cause from its docket.

Appellant contends that the trial court erroneously abated its suit. From appellees' pleadings and testimony offered in support thereof, it is apparent that their request and prayer was that proceedings be stayed in the trial court until they could have their petition in bankruptcy acted upon and obtain their discharge, and, if the trial court's judgment had gone no further than that, there would have been no error.

Section 11 of the Bankruptcy Act of 1898 (11 USCA § 29) provides, in substance, that a suit filed upon a claim from which a defendant could obtain a release by being discharged in bankruptcy shall be stayed until after the bankrupt court shall act upon his right to have a discharge where a petition in bankruptcy has been filed. The record in this case shows without dispute that appellees had filed a petition in bankruptcy and that appellant's claim had been listed as one of their debts in the schedules as filed in said court. In its petition appellant was not claiming any lien on property. While the transcript does contain a writ of garnishment which was served on G. L. White on October 7, 1931, there is nothing in the record to show whether White had filed any answer or whether any funds had been impounded or that appellees were seeking to impound any funds thereby.

6 Tex. Jur. 49, after quoting paragraph 11 of the Bankrupt Act, states: "A State court in a proper case and upon a proper plea calling to its attention the pendency of bankruptcy proceedings, should stay a suit against the debtor in the State court."

Almost the identical question involved here was decided in the case of Elwood Grain Co. v. Walker Grain Co. (Tex. Civ. App.) 254 S. W. 223. In said case the court held that the trial court should have entered an order staying proceedings in the state court until the defendant's application for discharge in bankruptcy had been acted upon by the bankrupt court. In said opinion it was further held, however, that the trial court should have entered an order staying further proceedings rather than dismiss the cause from the docket.

3 R. C. L. 263, in discussing the quoted provision of the bankruptcy statute, states: "It is a provision primarily for the benefit of the bankrupt that he may be enabled to avoid being harassed in both courts at the same time with regard to such debt."

7 C. J. 349, states the rule as follows: "The proper practice appears to be that the application for a stay should be made in the court in which the action is pending, which should make the necessary order staying the proceedings."

Under the authorities above quoted, we think the court properly entered its order staying the proceedings in said court until appellees could obtain action from the bankrupt court on their plea for a discharge.

The trial court was in error, however, in dismissing the cause entirely from its docket. Its order should have been only to stay the proceedings.

The judgment of the trial court dismissing appellant's cause of action is reversed, and this cause is remanded to the trial court.