DE BUSK *v.* UNITED JEWELRY CO.

(*Nashville,* December Term, 1935.)

Opinion filed February 15, 1936.

ROBT. L. SADLER, of Nashville, for plaintiff in error.

ELKIN GARFINKLE and DAN GARFINKLE, both of Nashville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an action of replevin brought in a magistrate's court to recover a ring sold to defendant under a retention of title contract. The officer failed to recover possession of the ring and judgment was entered in detinue for $18. An appeal was taken to the circuit court where the defendant, by his attorney, interposed the following plea in abatement:

"Comes the defendant, and for plea in abatement to this cause of action says:

"On June 25th, 1934, case number 16327, he filed a petition in and was adjudicated a bankrupt by the District Court of the United States for the Middle District of Tennessee, at Nashville; and that the plaintiff herein was scheduled as follows:

"United Jewelry Co., Arcade, Nashville, Tenn.

"Note made at same place in 1934, for Jewelry with title retained by seller. $20.00

"And that the said creditor, the present plaintiff, had notice of said case the proceedings of which are regular and still pending; discharge has not been asked for and the time in which to so ask will not expire until June 24th, 1935.

"After the said bankruptcy of the defendant, the plaintiff instituted suit in replevin and the defendant refusing to deliver the property, converted that into detinue, and then took money judgment calling for execution.

"This aforesaid action of the plaintiff is premature, because the court of bankruptcy has assumed and taken

jurisdiction of both the person and the property of the defendant and no state court has right or power to proceed against either the person or the property of the bankrupt, until and unless consent of the court of bankruptcy has been had and obtained in the manner and form prescribed by the rules of that court."

Plaintiff moved to strike the plea because (1) it came too late, and (2) "this court has jurisdiction of the parties and the subject matter, and its action is unobjected to by any other court."

The trial judge sustained this motion and affirmed the judgment of the magistrate.

Appealing, defendant says (1) that jurisdiction of subject-matter may be challenged at any stage of the proceedings, and (2) that the pendency of bankruptcy proceedings deprived the state court of jurisdiction to proceed against the bankrupt or his property, without any showing of affirmative action by the bankruptcy court to stay such proceedings or assert claims to the property. Conceding, but not deciding, that this plea to the jurisdiction was filed in time, we consider the sufficiency of the plea.

Counsel for appellant frankly concedes that, if this court adheres to its holding in *Hardcastle* v. *National Clothing Co.*, 137 Tenn., 64, 191 S. W., 524, 525, December term, 1916, the judgment must be affirmed, but he relies on a later unpublished opinion of the Tennessee Court of Appeals, *Palace Clothing Co.* v. *Choate,* Davidson Law (1930), which takes a contrary view, citing *In re Hoey et al.*, 290 F., 116, 118, decided by the United States Circuit Court of Appeals, for Second Circuit, April 2, 1923.

The *Hardcastle Case* is practically identical on its facts with the case now before us. *In re Hoey* is to be

distinguished in essential particulars. In that case the proceeding in the state court was enjoined by the United States District Court in assertion of its jurisdiction over the assets of the bankrupt. In neither the case at bar nor the *Hardcastle Case* was any such assertion made. No stay order is here interposed or evidence offered that the trustee in bankruptcy has elected to administer the asset. The opinion in the *Hardcastle Case* expressly recognizes the right of the United States District Court to take jurisdiction and deprive the state court of it and rests its holding on its failure to do so. Moreover, in the opinion in the *Hoey Case* an exception applicable here is expressly recognized. In holding that upon the filing of a petition in bankruptcy jurisdiction attached (*Mueller* v. *Nugent*, 184 U. S., 1, 22 S. Ct., 269, 46 L. Ed., 405), the court said, ''What then passed to its jurisdiction is property actually or constructively in the possession of the bankrupt, *if the legal title thereto is not in a third party.*'' The pertinent language italicized by us distinguishes the instant case, for here the legal title was in the jewelry company, a third party.

The general rule is thus stated in 7 C. J., p. 349: ''The filing of a petition in bankruptcy does not prevent the commencement of an action against the bankrupt, although it is subject to be stayed.'' It was so held in *Chase* v. *Farmers' & Merchants' Nat. Bank,* 202 F., 904, United States Circuit Court of Appeals for Third Circuit, the headnote reading, ''The pendency of bankruptcy proceedings is not in itself a bar to an action against the bankrupt on a provable debt.'' If this is true of a provable claim for debt, as to which a discharge in bankruptcy would apply, it is all the more true of a claim such as we have here. As was said in the *Hard-*

*castle Case*, where, as here, the vendor had retained title to the goods, "the holder of the security has a special property in it which entitles him to recover its value, to the extent at least of his debt, if it be converted by the debtor." A claim with a background of conversion under circumstances indicative of fraudulent concealment and misappropriation would not be subject to discharge (see 7 C. J., 400), and for this reason a suit to enforce it would not be automatically stayed by the pendency of bankruptcy.

Again, *In re Southern Pharmaceutical Co.* (D. C., 1921), 286 F., 148, is direct authority for the proposition stated in the headnotes that a "secured creditor, unless restrained by order of the bankruptcy court, may enforce his security outside of that court." SANFORD, J., cites *Ward* v. *First Nat. Bank of Ironton* (C. C. A., 6th), 202 F., 609, 612, and other cases. In the *Ward Case* the court said that it was not required of a creditor holding a security that he make proof of his claim against the bankrupt, although he may do so at his option. "He can rely upon his security and enforce it otherwise."

■ It results that whether this be an action to enforce a security, or to establish a claim for a fraudulent conversion, or merely to obtain a judgment for a debt, the state court had jurisdiction to entertain the suit, despite the pendency of the proceeding in bankruptcy, it not appearing that the bankruptcy court or its trustee have intervened or in any manner interposed objection.