In the Matter of **Allied Development Corporation, Debtor.**

**ALLIED DEVELOPMENT CORPORA-TION, Appellant,**

v.

**STEPHAN & BRADY, INC., Appellee.**

**No. 15734.**

United States Court of Appeals
Seventh Circuit.

Dec. 28, 1966.

John H. Shiels and Robert W. Smith, Madison, Wis., for appellant.

Don H. Morris, Madison, Wis., for appellee.

Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

Allied Development Corporation prosecutes this appeal from an order of the District Court, entered upon a petition for review overruling and setting aside an order of the referee which nullified and held void a state court judgment taken by Stephan & Brady Inc., the appellee against Allied and directed that Stephan & Brady execute and record a release of the judgment.

The main contested issue presented by Allied's appeal is whether in an arrangement proceeding under Chapter XI of the Bankruptcy Act in the absence of an order issued pursuant to Section 314 of Chapter XI enjoining commencement of suit against the debtor the bankruptcy court is precluded from directing the release of record of a judgment obtained on a claim dischargeable in bankruptcy and taken by an unsecured creditor in a judgment by confession proceeding commenced subsequent to the filing of the Chapter XI petition.

Facts pertinent to the resolution of this issue, as they appear from the record herein, may be summarized as follows. On January 19, 1965 Allied filed a petition for arrangement under Chapter XI alleging its inability to pay its debts as they mature. On January 29, 1965 Stephan & Brady, Inc., the appellee, took judgment against Allied in the Circuit Court for Dane County, Wisconsin, in the sum of $6729.75 and costs ($21.00) on an unsecured cognovit note. Allied's assets consisted primarily of real estate in Dane County, Wisconsin. Under Wisconsin law (Sec. 270.79, Wis.Stat.) a money judgment constitutes a lien against the judgment debtor's real estate. On February 23, 1965 a receiver was appointed for Allied. He petitioned the referee for an order requiring appellee to show cause why an order should not be entered nullifying the lien of the judgment and directing its release on the public record. After hearing the matter on a rule to show cause, the referee entered an order, accompanied by his findings of fact and conclusions of law, nullifying the judgment and the lien thereof and directing its release of record. The referee concluded, among other things, that the lien of the judgment constituted an impediment to a sale of the real estate assets of Allied by its receiver.

On appellee's petition for review the District Court overruled and set aside the order of the referee. In its memorandum of decision the court expresses a conclusion that absent some action on the part of Stephan & Brady to enforce the judgment lien the impediment it creates is not "sufficiently critical" to require its invalidation and withdrawal as "necessary for the enforcement" of the provisions of the Act.[1] We do not regard this observation as an adjudica-

1. Section 2a(15) of the Bankruptcy Act (11 U.S.C.A. § 11(a) (15)) authorizes the bankruptcy court (judge or referee) to make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, "as may be necessary for the enforcement of the provisions" of the Act.

tion that the record does not support the finding of the referee that the lien resulting from the judgment constitutes an impediment to the disposition of Allied's real estate assets. It appears to represent only the court's appraisal of the effect or extent of the impediment.[2] Moreover, the basic rationale upon which the court grounded its action in the premises appears to be that since no restraining order had been entered pursuant to Section 314 of the Act (11 U.S.C.A. § 714), and the judgment was not taken in an action pending at the time the arrangement petition was filed and thereby subject to the automatic stay provided by Section 11 (11 U.S.C.A. § 29), the creditor-appellee was free to commence and prosecute a state court suit or proceeding and obtain a judgment lien against the debtor despite the bankruptcy court's "exclusive jurisdiction of the debtor and his property" under the provisions of Section 311 (11 U.S.C.A. § 711).

Both Section 311 and Section 314 of the Bankruptcy Act (11 U.S.C.A. §§ 711 and 714) are a part of Chapter XI of the Act. Section 311 provides:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

Section 314 provides:

"The court may, in addition to the relief provided by section 29 of this title and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor."

The District Court's memorandum of decision, and the contentions of the appellee in support thereof, regard Section 314 as evidencing a congressional recognition and intent that independent actions against the debtor may, unless enjoined, be commenced or continued to judgment after a Chapter XI petition has been filed—that in Section 314 Congress made it explicit that despite the exclusive jurisdiction of the bankruptcy court over the property of the debtor, a creditor is free to commence and to prosecute a suit and obtain a judgment lien against the debtor's property in another forum.

The basic contention of the appellant is, in substance, that the exclusive jurisdiction conferred in Section 311 is not, in its application to post-petition actions affecting the debtor's property, contingent upon an exercise of the injunctive remedy supplied in Section 314 as an aid to, rather than in derogation of that jurisdiction, but that consistent with the fundamental purpose of the Act to place the debtor's property under the control of the bankruptcy court (Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 307, 32 S.Ct. 96, 56 L.Ed. 208) that court has inherent power and authority, recognized in Section 2a(15), to protect and enforce its Section 311 exclusive jurisdiction with respect to the debtor's assets in the manner here exercised by the referee.

The District Court recognized both that the appellant's contention is supported by practical considerations which the court acknowledges as forceful, and that acceptance of the contention would give a logical symmetry and balance to the Act as it applies to actions pending at the time of the filing of the petition (automatically stayed by the provisions of Section 11) and to judgments in actions filed subsequently. But the court viewed such acceptance as requiring forbidden "judicial surgery" upon the statute.

2. This is demonstrated by the court's equation of the instant judgment lien with any non-preferential and otherwise valid pre-existing judgment lien which, the court

states, would likewise present "a problem" with which the bankruptcy court would be obliged to cope in the administration of a subsequent Ch. XI arrangement.

The parties have referred us to no case which can be regarded as dispositive of the issue here involved, and we have found none. Although in Chase v. Farmers' & Merchants' National Bank of Baltimore, 3 Cir., 202 F. 904, 905, it is stated:

> "We find nothing in the [Bankruptcy Act] to prevent a creditor from bringing his action upon a provable claim, even after adjudication."

the court added that:

> "Enforcement of the judgment in such a suit presents a different question, but with that we are not now concerned."

and proceeded to observe:

> "To permit such an action may perhaps be discretionary; the argument in favor of the bankrupt can hardly go farther than that; but, even if this be so, we can only say that nothing appears to show an improper exercise of the court's jurisdiction."

We perceive nothing in *Chase* which would warrant a conclusion that no authority existed for the order the referee entered against Stephan & Brady.

■■ In the instant matter lack of notice of the proceeding in which the judgment was entered is a factor which may be taken as excusing resort to Section 314 injunctive relief prior to entry of the judgment. Neither the debtor nor its receiver, who was then not as yet appointed, was alerted by notice that there was occasion to invoke Section 314 injunctive relief. And there is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction. Pepper v. Litton, 308 U.S. 295, 304–305, 60 S.Ct. 238, 84 L.Ed. 281, Securities & Exchange Commission v. U. S. Realty & Imp. Co., 310 U.S. 434, 435, 60 S.Ct. 1044, 84 L.Ed. 1293. Cf. Bank of Marin v. England, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (Opinion filed November 21, 1966).

■ We are of the opinion that resort to the injunctive remedy authorized by Section 314 is not a prerequisite to retention of the bankruptcy court's Section 311 exclusive jurisdiction.

■ The object and purpose of the order of the referee was the protection of the marketability[3] of assets of the debtor which, with the filing of the petition for arrangement, were placed under the control of the bankruptcy court. In our opinion the order was "necessary for the enforcement" of the exclusive jurisdiction provision of Section 311 and thus within the scope of Section 2a(15). It was addressed to the protection of property subject to the exclusive jurisdiction of the bankruptcy court.

■ We reject as unpersuasive the appellee's contention that until it took some action to enforce the lien of the judgment and directly interfered with the bankruptcy court's control over Allied's property, the bankruptcy court was powerless to act.

The order of the District Court is reversed and the proceeding is remanded to the District Court with the instruction that the court reinstate the order of the referee.

Reversed and remanded with instruction.

SCHNACKENBERG, Circuit Judge (dissenting).

It seems to me that the pendency of the proceeding under Chapter XI of the Bankruptcy Act which is involved in this case, prevents a creditor from enforcing his rights against the debtor by action in any state court which would interfere with the bankruptcy court. However, I do not believe that a Chapter XI proceeding is in any way interfered with by a creditor of the debtor reducing his claim to a judgment in a state court. He thereby simply perfects his lien as a matter of record, an act which in no way interferes with the Chapter

---

3. The uncertain status with respect to validity and enforceability of what on the face of the public record constituted a lien on Allied's real property presented a circumstance adversely affecting its marketability.

XI proceeding. Accordingly, I believe that the federal law does not interfere with the right of such a creditor to pursue his legal remedy under state law by reducing his claim against the debtor to the form of a judgment.

The pertinent question is—was the entry of the judgment by the creditor in the state court an interference in any way with the administration of the federal court under Chapter XI of the Bankruptcy Act? The answer is certainly in the negative. I therefore am constrained to dissent.