## Edwin Jenny v. Horace Perkins.

*Bill in chancery: Multifariousness.* The bill set forth that the parties to the suit entered into a partnership, executed a written agreement therefor, and that soon after the business was commenced, defendant deprived complainant of all participation therein; and prays for an account.

A plea was interposed to the effect that there had been no subject matter existing between the parties within six years immediately preceding the filing of the bill. The plea was fully sustained by the evidence. *Held,* that the statute of limitations was well pleaded. It is not designed merely to raise a presumption of payment or adjustment from the lapse of time, but it is a statute of repose, and intended to afford security against stale demands.

*Heard April 22d. Decided April 28th.*

Appeal in chancery from Wayne Circuit.

This was a bill calling for an account between partners. The defendant filed a plea of the statute of limitations.

The case was heard on pleadings and proofs, and the bill was dismissed.

*D. C. Holbrook,* for complainant and appellant.

1. The bill alleges a partnership; that the complainant was excluded therefrom against his will; that there were

large profits; and that there was a sale of the partnership property.

The plea alleges that there was no property sold, nor business done; that nothing occurred for six years next before filing the bill. The partnership was admitted.

The complainant insists that the court below erred in allowing the plea, as the statute of limitations does not apply to the case, and is no answer to the bill; the bill and plea only are to be considered in determining the validity of the plea; and if such a plea is no answer, then the plea is bad and should have been overruled.

A plea of the statute of limitations to accounts between partners is not good.— *1 Dev. Ch. R. 533; 7 Dana, 241; 1 Edw. 417; 1 Dev. and Bat. 325; 3 Yerger, 201; 8 Porter, 211.*

2. The bill alleges a partnership, exclusion, profits, and sale of property proved, within six years. The plea alleges there was no property sold and no business done within six years. The issue is not abandonment, as proved, and thereby a forfeiture of rights as claimed. If the complainant conducted himself in such a manner as to lose his time and profits, nothing short of an answer setting up abandonment would raise that issue.

*L. Bishop,* for defendant and appellee.

1. The plea is good, both in form and substance; and, if sustained by proof, is a bar to the action, from analogy to the statute of limitations in relation to actions at law.— *Story's Eq. Pl.* §§ *503, 751, 756, 757.*

The proper form for a plea of this kind has been followed in this case.— *Id.* § *694.*

It was intimated, in the argument below, that this defense does not lie against a claim arising from partnership. I find no authority for such a distinction, either in principle or in the books. The claim is simply one in equity, where there is no adequate remedy at law.

2. The professed object of the bill is to wind up an old business connection in 1857, alleged to have been a partnership.

The plea is, in substance, that nothing was done in pursuance of the alleged partnership within six years prior to the filing of the bill in June, 1865.

3. It is clearly proved, and there does not seem to have been a serious attempt to deny it, that more than six years prior to filing the bill, the complainant had actually abandoned the business in question; that he had engaged in a rival and even a hostile business; and that the defendant had treated the business and property wholly as his own.

This was a complete dissolution of the partnership, if there had been one.

This · abandonment is the same in effect as if we had produced from the complainant a full discharge, receipt and release of all rights and claims in reference to that business.

At any rate, when the abandonment took place, when the complainant left and the defendant assumed to himself, exclusively, the whole business and property of the concern, the cause of action accrued to the complainant, if any he ever had. Then the statute began to run, and this was more than six years before the bill was filed.

Even if one partner can be charged as a trustee for the use and benefit of his partner as a *cestui que trust*, the statute runs. — *Tyler on Infancy and Coverture, 171; 1 Johns. C. R. 90.*

GRAVES J.

The original bill in this cause was filed on the 14th of June, 1865, and sets forth in substance, that by two certain agreements in writing, respectively bearing date the 5th and 17th of January, 1857, executed by the parties, and which are made part of the bill, a partnership was constituted between the parties to continue until November, 1858, for the purpose of buying, selling and manufacturing staves,

and making and vending molasses shooks at Ashley, in Macomb county, the acquisition of tools and other needful things; and at the expiration of the term, or as soon thereafter as might be, the disposition at public or private sale of the mill and premises used in said business, together with the right or rights secured by patent in the stave machine; that the business was commenced and promised to be successful, but that the complainant was expelled in a few months after by the defendant, and has been kept out since by him, and that the complainant has been deprived of all rights under said partnership by the defendant, and been denied all participation in the profits and property, although a considerable property was accumulated and large profits have been made by defendant.

The bill prays an account as to property and profits, that a balance may be struck, and that the defendant be directed to pay the same to complainant.

The bill was unsworn and waived an answer on oath, and set up the first partnership agreement as under seal.

The defendant interposed a plea, in which he alleged in substance that the agreement set forth as a sealed one was in truth not sealed; that if a seal or scroll appeared upon it, the same was put there surreptitiously and without authority; that for more than six years next before the filing of the bill, no partnership transactions had taken place; that during all that time there was no property belonging to said partnership, nor any disposition made of any such property, nor any partnership matter remaining unsettled; and that during all that time the defendant in no manner promised complainant to come to any account, or to pay or in any way satisfy complainant, for any money or concerning any of the matters, transactions or dealings charged or alleged in the bill. The plea concluded by insisting upon the statute of limitations as a bar. Upon being set down for argument it was allowed, when the complainant filed a general replication, and the parties proceeded

to take proofs under the issue thus raised. The court below being of opinion that the evidence maintained the plea, dismissed the bill and the complainant appealed.

Two points are made. *First,* That a plea of the statute of limitations to a bill for an account between partners is not permitted; and *Second,* That the real issue raised by the present plea is not supported.

Upon the argument on the first point the counsel for complainant was understood to urge that the plea was bad, inasmuch as it did not deny, but admitted the partnership, while alleging that no business had been done, and that nothing of a partnership nature had taken place for the six years next before the bill was filed. If it be meant by this that the bill contained matters which necessitated other averments in the plea than those contained in it, in order to present a complete equitable bar; or that an answer was requisite in consequence of some supposed matters in the bill adapted to furnish evidence against the truth of the plea, the ground of the objection is not discovered. There are no collateral circumstances stated in the bill, which could afford evidence to disprove the plea, nor are there any allegations which would require further averments in the plea. But if this were otherwise, it can not be admitted that a specific answer or discovery could be insisted on, since an answer upon oath is waived and the bill unsworn.

If it be intended to assert that the plea is bad in setting up as a bar the non-existence of all matters which could be the subject of accounting, without denying the existence of the partnership relation, the position is deemed to be untenable. The argument, as thus presented, would imply that the right to an accounting would be a consequence of the partnership relation, however barren. It is manifest, however, that the existence of the bare relation is not enough. There must also be a subject matter, respecting which an accounting may be had. If there has been no subject matter, there can be no accounting, though the nominal relation has all along existed.

The point of the plea is, that there has been no subject matter for the statutory period, and this is deemed sufficient in the present case. The right to plead the statute in a suit of this description, and to a bill' constituted like the present seems to be within the principle which is now entirely settled.

Whatever implications may be found against it in isolated cases, the current of authority strongly supports the right. See the authorities cited by defendant's counsel; also *Story on Part.* § *233 a; Tatam v. Williams, 3 Hare, 347; Barber v. Barber, 18 Ves. 286.*

Formerly it was thought that the statute was designed to raise a presumption of payment or adjustment from the lapse of time, but the better view is now the prevailing one, that it is a statute of repose, and intended to afford security against stale demands when the circumstances would be unfavorable to a just examination and decision.

The courts, therefore, instead of looking upon the law as harsh or oppressive in its operation, now regard it as eminently wise and beneficial. The gradual change of opinion here noticed has been attended by a corresponding one in the application of the statute, and in the administration of those principles of equity which have the same foundation.

The policy of the statute, as now considered, so harmonizes with the kindred doctrine of the court of equity, that in many cases they seem to be nearly blended; and in such instances it is of more importance to observe the principle than to speculate upon the source from whence it came.

Whether, therefore, the statute be regarded as a technical bar, or be adopted from analogy, or whether the case be one of concurrent or exclusive jurisdiction, I think the limitation ought to be applied.— *Stearns v. Page, 7 How. 819.*

It was conceded on the argument that the written instrument purporting to have been sealed was in fact unsealed, and that the complainant abandoned the business at

the end of three months.   Indeed the proofs show that he
voluntarily withdrew from the concern and all its interests
and business, and never, in any manner, returned to or
participated in it, or sought to do so, and that he engaged
in and gave his time and skill and influence to a rival
business.   The property of all descriptions was abandoned
to the sole control, care and management of defendant, and
no evidence appears that complainant had any purpose to
reinstate himself, or preserve the interest, or bear the bur-
dens of a partner.   After such separation both complain-
ant and defendant acted as though no partnership existed,
and the defendant exercised exclusive control over all the
property and all the business.   This occurred more than
six years next before the bill was filed, and continued dur-
ing the statutory period.

If the complainant ever had a cause of action, it must,
therefore, have accrued so long ago as to be subject to the
bar.   Under these circumstances, I think the truth of the
plea established, and that the decree of the court below
ought to be affirmed with costs.

COOLEY CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit.