MARTIN L. SWEET v. WILLIAM HALDANE.

*Statute of limitations—Suspension of operation by suit in equity.*

1. Until 1857, proceedings in equity did not operate to stay the operation of the statute of limitations.
2. The object of How. Stat. § 8738, is to prevent a debtor who has sought to remove litigation into the jurisdiction of an equitable tribunal, and stay or prevent legal proceedings, from getting any advantage in a suit at law by the delay which his own action in equity has caused; and it does not make any equitable suit suspend the running of the statute except where instituted or prosecuted on behalf of the same person who wishes to plead the statute.

Error to superior court of Grand Rapids. (Parrish, J.) Argued January 24, 1888. Decided March 2, 1888.

Covenant. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Norris & Norris,* for appellant.

*Blair, Kingsley & Kleinhans,* for defendant.

CAMPBELL, J. Plaintiff sued defendant on the personal covenants of a deed covering property in Grand Rapids, dated May 1, 1874. This action was begun in December, 1885. After the introduction of a large mass of testimony, the court below submitted the facts to the jury, who found for defendant on the merits, under a charge which, upon the law points, was quite favorable to plaintiff. He brings error upon the charge and some other rulings. Upon the argument in this Court, defendant's counsel depended, as in the court below, on the effect of the statute of limitations as rendering all other questions unimportant, as would neces-

sarily be the case if the statute is a bar. The suit was begun more than ten years after the breach of covenants relied on, and this defense must prevail unless suspended by chancery proceedings.

The proceedings in question were a foreclosure bill filed by defendant, on a purchase-money mortgage, and a cross-bill, filed by plaintiff, relying on alleged frauds committed by defendant in connection with the sale, and, also, upon the same causes of action now sued on. All of this was put in to operate as a defense, so far as it should go, to the foreclosure. This litigation continued down to a period which would have very much shortened the ten years in question.

Until 1857, proceedings in equity did not operate to stay the operation of the statute of limitations. But in that year, by an act embodied in section 8738, How. Stat., it was provided that—

"The time during which any case in chancery, commenced by any debtor, has or may be pending and undetermined, shall not be computed as constituting any part of the period limited or prescribed by any statute of limitations in force at the time of the commencement of such case in chancery, prescribing the time within which an action in relation to the debt or subject-matter in dispute, as set forth in the proceedings in such case in chancery, should or might be commenced."

The object of this statute is very clear. It is meant to prevent a debtor who has sought to remove litigation into the jurisdiction of an equitable tribunal, and stay or prevent legal proceedings, from getting any advantage in a suit at law by the delay which his own action in equity has caused. It does not make any equitable suit suspend the running of the statute except where instituted or prosecuted on behalf of the same person who wishes to plead the statute. Until this act was passed there was an object in procuring such delays, and gaining time, which might make the statute operate to bar a suit to which there was no honest defense. But where

the plaintiff at law is the complainant in equity there is no such operation to stay the statute.

Mr. Haldane, the defendant here, never commenced any proceedings in equity to stay or affect his liability on these covenants. His bill to foreclose was merely to collect his purchase money. The litigation involving these covenants was a cross-action in its nature, begun by plaintiff and not by defendant, who opposed instead of urged its retention in the court of equity. Defendant never sought relief there against his covenants, but claimed that the transaction should stand as made.

The chancery proceedings had no effect on plaintiff's right of action, and consequently it is now barred.

The judgment must be affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CHAMPLIN, J., did not sit.