STEELE v. BLISS.

LIMITATION OF ACTIONS—EXECUTION—STAY BY INJUNCTION.
 An injunction restraining the sale of real property levied upon interrupts the running of the statute of limitations relative to execution liens on real estate. 3 Comp. Laws, § 9233.

Bill by Wilbur W. Steele against Allaseba M. Bliss and others to set aside certain judgments and to restrain the sale of lands on execution levy. On motion of complainants to set aside an order modifying a preliminary injunction and permitting defendants to sell lands under an execution levy. Submitted August 14, 1911. (Calendar No. 24,204.) Motion granted September 9, 1911.

*Alex J. Groesbeck*, for complainant.

*John A. McKay* and *William J. Gray* (*Gray & Gray* and *L. T. Durand*, of counsel), for defendants.

PER CURIAM. In the above-entitled cause, now pend-

ing in this court, two motions have been made: The first, by defendants, asking for a modification of the injunction in the case to allow them to proceed to advertise and sell certain real estate situated in Wayne county under a certain levy made upon execution, which was granted. The second motion asks that the order granted upon the first motion be vacated and set aside. The first motion presented a case of emergency and was granted to preserve to defendants their rights under an execution levy, which, by the running of the statute of limitations relative to execution liens on real estate, section 9233, 3 Comp. Laws, were represented would be lost upon the theory that the injunction in the case did not interrupt the running of the statute. The opposite view is taken by the movers in the second motion, which is relied upon as one of the grounds of said motion. The merits of the controversy are not involved. The only question necessary to discuss and determine is the construction and application of this statute.

Different phases of the litigation out of which this suit arises have been before the court some seven or more times, and to make a statement of its history would be of no benefit at this time. Suffice it to say that an execution upon a judgment was issued and levied, and the importance of the determination of these motions is apparent when it is stated that the rights under this execution lien will be decided. The material portion of the statute under consideration is as follows:

"* * * And all liens by execution on real estate hereafter to be made shall become and be void at and after the expiration of five years from the making of such levy, unless such real estate be sooner sold thereon."

The question as to the construction and application of this statute of limitations under such a state of facts is one of first instance in this court, and is of more than ordinary importance. The statute is not a part of the general statute of limitations of actions relating to real property which has been in force since the Revised Statutes of

1846. It was enacted in 1889, and, except for a provision relative to execution liens in force at that time, is all included in the quotation above given.

Upon the question of the effect of injunctions upon the running of statutes of limitations, the authorities are not in harmony. In 1 High on Injunctions, par. 87, an early English case is cited as laying down the proposition that, if a party were stayed by injunction from prosecuting his suit, the court would not permit him to be prejudiced by the statute. This appears to be the fundamental principle recognized by all of the authorities which hold that the running of a statute of limitations is interrupted by an injunction. This has been the holding of the supreme court of Minnesota. In a case exactly in point that court said:

"At common law, the right to sue out an execution in a personal action was limited to a year and a day from the entry of judgment. * * * This limitation of the common law was as inflexible and as positive as that of our statute; yet it was well established at common law that when the plaintiff had judgment with stay of execution, or execution was stayed by injunction, the plaintiff might sue out an execution within one year after the stay terminated, or the injunction was dissolved. * * * It would be unreasonable and inconsistent for the law to present to a party, in one hand, a command to do an act within a certain time under the penalty of losing his rights, and, with the other hand, restrain him from doing the act. For this reason, the time during which the plaintiff was thus prevented by the law from issuing execution was at common law excluded from the year allowed for that purpose." *Wakefield* v. *Brown*, 38 Minn. 363 (37 N. W. 790, 8 Am. St. Rep. 671).

Where courts have held that the running of the statute is interrupted by injunction, it has generally been upon the ground that the statute was not intended to bar a remedy because it was not exercised within the limited time if such a state of affairs existed as rendered it impossible for the party to act within that time. 19 Am. & Eng. Enc. Law (2d Ed.), pp. 215, 216. This doctrine has

been accepted by the Supreme Court of the United States. In *United States* v. *Wiley*, 11 Wall. (U. S.) 513, Mr. Justice Strong, speaking for the court, said:

"But it is the loss of the ability to sue, rather than the loss of the right, that stops the running of the statute. The inability may arise from a suspension of right, or from the closing of the courts, but whatever the original cause, the proximate and operative reason is that the claimant is deprived of the power to institute his suit. Statutes of limitations are indeed statutes of repose. They are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue.  *  *  * But the basis of the presumption is gone whenever the ability to resort to the courts has been taken away. In such a case the creditor has not the time within which to bring his suit that the statute contemplated he should have."

In *Braun* v. *Sauerwein*, 10 Wall. 223, Mr. Justice Strong, speaking for the court, said:

"It seems, therefore, to be established, that the running of a statute of limitation may be suspended by causes not mentioned in the statute itself."

In the latest Federal case examined—*Amy* v. *Watertown*, 130 U. S. 320 (9 Sup. Ct. 537)—the above is quoted and affirmed in an opinion written by Mr. Justice Bradley, of which the court said:

"There is one class of cases which is excluded from the operation of the statute by act of law itself, of which the case in which Mr. Justice Strong made the remark referred to is one. This class embraces those cases in which no action can be brought at all, either for want of parties capable of suing, or because the law prohibits the bringing of an action. In such cases the general law operates as a qualification, or tacit condition of the particular statute.  *  *  * Besides this general exception created by act of law, it is difficult to find any other ground or cause for suspending the operation of the statute not specified in the act itself."

The same doctrine has been indorsed in several other States. The weight of authority holds that the running

of the statute is interrupted by an injunction. A few of the States hold to the contrary. In the instant case the parties are by process of law prohibited from acting, and it is clearly within the class of cases pointed out in the authorities cited.

Our attention is called to section 9754, 3 Comp. Laws, relative to suits at law in cases affected by proceedings in chancery, as to the running of the statute of limitations, and also the case of *Sweet* v. *Haldane*, 68 Mich. 639 (36 N. W. 698), construing it, as applicable to the case under consideration. As to this proposition, we think it necessary only to say that this section and decision are of force as indicating the policy of the legislature and the court to preserve to individuals rights which for the time being they may be disabled from exercising by a "paramount power" without fault on their part. Our construction and determination, based upon both reason and authority, is that the injunction operated as an interruption of the running of this statute of limitations in question, and will so operate as long as in force. The motion granted modifying the injunction was therefore unnecessary, and the same, for the reasons given, is vacated and set aside.