[Civ. No. 4087. Second Appellate District, Division One.—March 9, 1923.]

ELLIOTT & HORNE (a Corporation), Appellant, v. CHAMBERS LAND COMPANY (a Corporation), Respondent.

[1] STATUTE OF LIMITATIONS—RIGHT TO BRING ACTION—PREVENTION BY DEBTOR.—Where the right to bring an action is prevented by the act of the debtor or by paramount authority, the period embraced within such restraint is to be excluded from any period of limitation affecting the right to sue as made by the statute.

[2] ID.—STREET ASSESSMENT—ATTACK BY PROPERTY OWNER—INJUNCTION.—Where, after an assessment for street work has been issued, a property owner brings an action against the city and other interested defendants, the purpose of the suit being to have declared void all of the proceedings upon which the assessment was based, and the court issues a restraining order to prevent the city treasurer from issuing bonds upon such assessment, the period during which such injunctive restraint is continued in force must be excluded in determining whether an action to foreclose the lien of the assessment upon the land of said property owner was brought within the two-year statutory period of limitation.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur M. Ellis for Appellant.

W. W. Hyams for Respondent.

Gibson, Dunn & Crutcher, Amicus Curiae.

JAMES, J.—Plaintiff appeals from a judgment denying any relief in its suit to foreclose certain liens alleged to have been acquired through street assessment proceedings taken under the Vrooman Act (Stats. 1885, p. 147). Several assessments, covering different parcels of land owned by the defendant corporation, were alleged to have been made, each of which involved an amount in excess of $25. The trial court sustained a demurrer to the complaint upon the

sole ground, as appears from the argument of counsel, that the suit had not been commenced within two years after the recording of the assessment, diagram, and warrant. (Henning's Gen. Laws 1920, sec. 9.) The assessment proceedings provided for the issuance of bonds on assessments exceeding $25 agreeable to the provisions of the Bond Act of 1893 (Deering's Gen. Laws 1915, p. 1761, Act No. 3932). The Vrooman Act provides that, from the date of the recording of the warrant, assessment, and diagram, a lien against the property assessed arises and continues in force for a period of two years. Where bonds are to be issued under the Bond Act, the latter provides, first, that ''in case the amount of the unpaid assessment or reassessment upon any lot or parcel of land shall be less than $25, then the same shall be collected as is provided in said Street Act.'' For amounts in excess of $25 it is provided that, after the lapse of thirty-five days, bonds shall be issued, the principal and interest of which shall be payable in installments covering a term of years (in this case six). It is then provided that, in case of a bondable assessment, if the owner shall, before the bond is issued, make affidavit of his ownership and furnish certificate of title in proof thereof, and request that no bond issue, then no such bond shall issue, and that the holder of the warrant or his assigns ''shall retain his right for enforcing collection of said assessment or reassessment *as if said lot or parcel of land had not been so listed by the street superintendent.*'' The list last referred to is the list required to be made by the street superintendent and delivered to the treasurer, of assessments amounting to more than $25.

The assessment, warrant, and diagram, as they affected the property of the defendant, were recorded in the office of the street superintendent of the municipality of Manhattan Beach on the twenty-fourth day of January, 1917. On the thirtieth day thereafter, to wit, February 23, 1917, the defendant brought an action against the city of Manhattan Beach and other interested defendants, the purpose of the suit being to have declared void all of the proceedings upon which the assessment was based. On the same day the superior court issued a restraining order to prevent the city treasurer of Manhattan Beach from issuing the bonds, and this injunctive restraint was continued in force until May 8,

1918. On May 1, 1918, the defendant filed with the city treasurer its notice requiring that no bonds be issued on the assessment and supplied the necessary affidavit and certificate of title. This action was commenced by the filing of the original complaint on February 6, 1920. By comparison of dates it will be seen that a little over three years had elapsed at the time the suit was commenced from the date of the filing of the warrant, assessment, and diagram in the street superintendent's office. The suit was commenced within two years after the recording of said warrant, if we exclude that period of time from February 23, 1917, to May 8, 1918, during which time the collection of the assessment was restrained by the injunction which prevented any bonds from issuing. The Vrooman Act provides that, as to the collection of assessments, the right to collect by suit shall exist for the duration of the lien which is imposed upon the property as security for the payment of the amount assessed. (Vrooman Act, sec. 12.)

[1] Very little argument is made here on behalf of respondent against the proposition that, where the right to bring an action is prevented by the act of the debtor or by paramount authority, the period embraced within such restraint is to be excluded from any period of limitation affecting the right to sue as made by statute. The authorities are ample and full in affirmance of that rule. (17 R. C. L., p. 872, par. 229; *Steele* v. *Bliss et al.*, 166 Mich. 593 [Ann. Cas. 1912D, 1020, 37 L. R. A. (N. S.) 859, 132 N. W. 345].) In the latter case it is said that it appears as a "fundamental principle recognized by all the authorities which hold that the running of a statute of limitations is interrupted by an injunction." (*City of Hutchinson* v. *Hutchinson et al.*, 92 Kan. 518 [52 L. R. A. (N. S.), 1165, 141 Pac. 589].) [2] It is contended, however, that a statutory lien is bound by fixed and inflexible limits, and cannot be extended unless, perhaps, by a change in the statute itself. The statute of limitations is a thing having equally definite points of beginning and ending. In the case of the street assessments under consideration, the law gives the same duration to the right to enforce payment of the tax as has the lien to secure the same. We have express authority in this state that a lien given by statute may be extended in duration where the act of the debtor prevents

the creditor from foreclosing upon the same. In *Dewey* v. *Latson et al.*, 6 Cal. 131, the court held that a judgment lien, which, under the terms of the statute, was given life for two years from the date of the docketing of the judgment, was extended beyond the period of two years where the judgment creditor was prevented from having execution by reason of an appeal taken. The court there said: "The obvious intention was to charge the estate of the judgment debtor, and to give the creditor two years to make his money. The statute intended that this time should run from the date of the judgment, or period at which the plaintiff was in a situation to take out execution, and pursue his remedy to final satisfaction. By the defendant's own act, the force of that judgment has been suspended, and the lien, which is merely an incident, must share a like fate." The above case was referred to in subsequent decisions, sometimes criticised, but never overruled. The reasoning of it is consistent with that adopted by the courts in the decisions referred to the tolling of the time fixed by statutes of limitation. It would be unjust to so construe the law as to allow a property owner to deprive the warrant holder of his right to a lien as security for the payment of a valid assessment, by invoking injunctive authority of the courts in an attack upon the validity of the assessment proceeding. If the property owner were successful in having the injunctive restraint continued until two years had elapsed from the recording of the warrant, the lien would be utterly destroyed and the property might pass into the hands of other owners free from assessment charges. Such a result is certainly not contemplated by the law and may not be countenanced by a court of justice if, upon logical reasons, a different conclusion can be arrived at. The two statutes read together contemplate that, at any time before the issuance of the bond, property owners who are assessed in excess of $25 will, if they so desire, give their notice and prevent the issuance of the bond; in that event the assessment is to be considered as though it had been of an amount less than $25 and the warrant-holder would become possessed of the same rights as to means of collection as he had with respect to assessments which originally fell below the amount of $25.

Our conclusion is that plaintiff's suit was in time; that the demurrer to its complaint was improperly sustained.

The judgment is reversed, with direction to the trial court to overrule demurrer of the defendant as interposed to the amended complaint of the plaintiff, and to allow said defendant to file an answer, if it so desire.

Conrey, P. J., and Houser, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 8, 1923.