UNITED STATES FIDELITY & GUARANTY COMPANY v *
AMERISURE INSURANCE COMPANY

Docket No. 139129. Submitted May 5, 1992, at Marquette. Decided
July 7, 1992, at 9:00 A.M. Leave to appeal sought.

United States Fidelity & Guaranty Company brought an action in
the Marquette Circuit Court against Reliance Insurance Com-
pany and Amerisure Insurance Company, under automobile no-
fault insurance policies issued by the defendants, seeking reim-
bursement of benefits paid to its insured for damages to a
building resulting from a collision involving automobiles in-
sured by the defendants. The court, Edward A. Quinnell, J.,
denied Amerisure's motion for summary disposition based on
the one-year limitation period for bringing actions for no-fault
property protection benefits, holding that notice by the plaintiff
to Amerisure of the existence of its claim tolled the running of
the statutory period. Amerisure appealed by leave granted.

The Court of Appeals *held:*

The fact that the no-fault act specifically provides that the
limitation period for actions for personal protection benefits
may be tolled but includes no provision with respect to tolling
the limitation period for actions for property protection benefits
evidences a legislative intent that notice of a claim for property
protection benefits will not toll the running of the one-year
period within which an action for those benefits must be
brought. Because more than twenty-one months elapsed be-
tween the time of the accident and the time the plaintiff filed
its complaint, the action is barred.

Reversed.

INSURANCE — NO-FAULT INSURANCE — PROPERTY PROTECTION BENE-
FITS — LIMITATION OF ACTIONS.

Notice to a no-fault insurer of a claim for property protection
benefits does not toll the running of the statutory one-year

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340. *et seq.;* Limitation of
Actions §§ 138 *et seq.*

See the Index to Annotations under Automobile Insurance; Limita-
tions of Actions.

period of limitation for bringing an action for such benefits (MCL 500.3145[2]; MSA 24.13145[2]).

*Weber, Swanson & Dettmann* (by *Keith E. Swanson*), for the plaintiff.

*Weitek & Summers* (by *Michael G. Summers*), for Amerisure Insurance Company.

Before: GRIFFIN, P.J., and WEAVER and McDONALD, JJ.

PER CURIAM. Defendant Amerisure Insurance Company appeals by leave granted an order denying its motion for summary disposition based on the statute of limitations. The trial court held the one-year statute of limitations contained in MCL 500.3145(2); MSA 24.13145(2) was tolled by notice letters sent to Amerisure by plaintiff within the limitation period. We reverse.

On March 26, 1989, a car owned by Timothy Romback, and insured under a no-fault automobile policy issued by Amerisure, was involved in a collision with a car owned by Becky Swanson. As a result of the collision, the Romback car left the roadway and struck and damaged a building owned by Salvatore T. Sarvello, doing business as Tudy's Market. Ms. Swanson's vehicle was insured by defendant Reliance Insurance Company, and the building and its contents were covered by a casualty insurance policy issued by plaintiff.

Mr. Sarvello made a claim against plaintiff for property damage and loss of income and use. Plaintiff investigated and adjusted the damage claim. By checks dated September 13, 1989, plaintiff paid Mr. Sarvello $53,201.05 for damage to the building and its contents. However the negotiations with respect to the claims for loss of income bogged down, and plaintiff did not tender its check

for $9,093.50 to Mr. Sarvello for those claims until late September or early October 1990.

By letter dated September 12, 1989, the firm adjusting plaintiff's loss notified Amerisure of the intention to seek subrogation under the property protection insurance benefits provisions of Mr. Romback's no-fault insurance policy:

> As you know, we have been handling this claim in behalf of U.S.F. & G. Insurance Companies who provided a business owners policy for Salvatore Sarvello, dba Tudy's Market struck by your insureds vehicle on the above captioned date of loss.
>
> We are getting close to settling this loss with the Sarvello's and wanted to make you aware that subrogation papers will be forthcoming in the near future. In the event you would like somebody to check out the premises for your own satisfaction, please advise so that arrangements can be made at a later date and time.
>
> It appears that this loss once the business interruption has been resolved will be somewhere in the area of $70,000.00. I thought for that kind of money, it would be advisable to inform you as to the status concerning this matter to date.

On December 18, 1989, plaintiff's adjustor once again contacted Amerisure by letter:

> Please consider this letter to be formal written notice regarding the pending subrogation claim of U.S.F. & G. Insurance Companies who insured Tudy's Market damaged by your policyholder on the above captioned date of loss. Written notice is made in compliance with the Michigan No Fault law, more specifically MCL 500.3145.
>
> We are still in the process of working out the loss of income claim with the owners of Tudy's Market, and therefore will be in touch once we have resolved this matter with them to perfect the final subrogation amount with you.

By letter dated October 1, 1990, plaintiff again notified Amerisure of the claim:

> We had previously informed you on September 12th, 1989, and December 18th, 1989 that we would be forwarding documentation relative to the subrogation claim once settlement had been made with the owners of Tudy's Market.
>
> We have not been able to agree on a loss of income claim with the Sarvello's, however we have tendered a check payable to them for $9,093.50 which we feel is representative of the loss of income claim which can be documented.
>
> In addition to that, we are including copies of the Proofs of Loss for the building, and business personal property claim which total $53,201.05. Adding that to the loss of income claim, the total damages paid to the owners of Tudy's Market comes to $62,294.55.
>
> Since your insured's vehicle collided with a second vehicle operated by Becky Swanson, we hereby make claim for 50% of the property claim for $31,147.28 at this time.

Amerisure, by letter dated October 16, 1990, refused to pay, citing § 3145(2) of the Insurance Code, MCL 500.3145(2); MSA 24.13145(2), which provides that an "action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident."

On January 2, 1991, plaintiff filed this action for subrogation and reimbursement by both Amerisure and Reliance of the claims paid to Mr. Sarvello. Reliance and Amerisure filed a motion for summary disposition, claiming that more than twenty-one months had elapsed since the accident and, therefore, the complaint was untimely. The trial court denied Amerisure's motion, having determined that the statute had been tolled from the time the plaintiff had given notice of the claim

until the time Amerisure formally had denied liability. Amerisure applied for leave to appeal, which was granted. We now reverse.

Subsections 1 and 2 of § 3145 of the no-fault statute set forth the time limits for suits seeking no-fault benefits for personal and property protection insurance benefits:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. . . .
> (2) An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident.

Defendant argues that because the Legislature specifically provided for tolling of the limitation period for recovery of personal protection insurance benefits, it specifically intended to omit any tolling provision with respect to actions for recovery of property protection insurance benefits. We find this reasoning persuasive.

When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded. The Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1991). The

maxim "*expressio unius est exclusio alterius,*" the expression of one thing is the exclusion of another, means that the express mention of one thing in a statute implies the exclusion of other similar things. *Feld v Robert & Charles Beauty Salon,* 174 Mich App 309, 313; 435 NW2d 474 (1989), rev'd on other grounds 435 Mich 352; 459 NW2d 279 (1990). While this maxim is only a tool, we note that the Legislature is presumed to act with knowledge of appellate court statutory interpretations, *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 505; 475 NW2d 704 (1991). Although Michigan and federal case law provides precedent for the principle that limitation statutes are not entirely rigid, allowing judicial tolling under certain circumstances, *American Pipe & Construction Co v Utah,* 414 US 538, 559; 94 S Ct 756; 38 L Ed 2d 713 (1974), we find that the Legislature did not intend to allow tolling under the property protection section of this statute.

In reaching our conclusion, we first note that the Michigan Supreme Court has affirmatively determined that tolling does apply to the one-year-back rule of § 3145(1). *Welton v Carriers Ins Co,* 421 Mich 571; 365 NW2d 170 (1984); *Lewis v Detroit Automobile Inter-Ins Exchange,* 426 Mich 93, 100-101; 393 NW2d 167 (1986). Under that provision, the tolling depends upon a triggering event sufficient to have started the tolling. For example, a notice of injury was held insufficient to trigger tolling in *Welton* because it did not inform the insurer of the expenses incurred, whether the expenses were covered losses, and whether the claimant would in fact file a claim.

A panel of this Court subsequently addressed whether a tolling provision exists under § 3145(2). The Court in *Preferred Risk Mutual Ins Co v State Farm Mutual Auto Ins Co,* 123 Mich App 416; 333 NW2d 303 (1983), held that § 3145(2) is tolled from

the time the insurance company is notified of the claim until the company formally denies it. The Court did not determine what type of notice triggers the tolling. See also *Norfolk & W R Co v Auto Club Ins Ass'n,* 894 F2d 838, 843 (CA 6, 1990), where the Sixth Circuit Court of Appeals, relying in part on *Preferred Risk,* determined that tolling may be triggered by events that amount to more than simple notice of a claim.

Our examination of the plain language of § 3145(2) leads us to conclude that the Legislature, by omitting notice and tolling provisions in that section, which deals with property damage benefits, while including them in § 3145(1), which deals with personal injury benefits, did so intentionally. We find no tolling under the facts of this case. Although plaintiff as early as September 1989 had paid the bulk of the total claim, it made no specific claim against Amerisure until October 1990. Plaintiff neither informed Amerisure that it had paid much of the claim nor provided Amerisure with proof of loss or demand for payment for the claims involving the building and its contents. Instead, plaintiff chose to delay the making of a formal claim until after it had completely resolved all of Mr. Sarvello's claims against it, including the $9,093.50 claim for loss of income. By this time, however, more than eighteen months had elapsed since the accident. Therefore, even if there were tolling of the statute of limitations between the date of the making of a specific claim and the date of defendant's denial of liability, that tolling would not save this action from operation of the statute of limitations.

For the foregoing reasons, the trial court's denial of Amerisure's motion for summary disposition is reversed.

Reversed.