WARD v ROONEY-GANDY

Docket No. 250174. Submitted February 1, 2005, at Lansing. Decided
   March 22, 2005, at 9:20 a.m. Leave to appeal granted, 472 Mich ___.
   Ronald Ward brought a medical malpractice action in the Jackson
   Circuit Court against Sharon Rooney-Gandy, D.O. The plaintiff's
   lawyer attached an affidavit of merit to the complaint as required
   by MCL 600.2912d, but because of a clerical error in the lawyer's
   firm, the affidavit was for a different, but similar, malpractice
   case. A legally compliant affidavit of merit for this case had been
   prepared before the limitations period expired and before the
   action was filed. The court, Chad C. Schmucker, J., granted
   summary disposition for the defendant on the basis of the failure
   to file an affidavit of merit comporting with the statute within
   the period of limitations. The plaintiff appealed.

   The Court of Appeals held:

   On the basis of equitable tolling, or judicial tolling, and to
   ensure fundamental practicality and fairness and to prevent the
   unjust technical forfeiture of a cause of action, this case should be
   allowed to proceed in the trial court. The defendant knew of the
   error in the affidavit of merit attached to the complaint, waited
   until the period of limitations had run, then moved for summary
   disposition. The legislative purpose behind the requirement of an
   affidavit of merit in a medical malpractice action is to deter
   frivolous medical malpractice claims. The legislative purposes
   behind statutes of limitations are to encourage plaintiffs to
   diligently pursue claims and to protect the defendants from
   having to defend against stale and fraudulent claims. In this case,
   the plaintiff had diligently pursued his claims and filed his
   complaint before the period of limitations expired, and the
   defense counsel conceded that any delay in the proceedings
   related to the deficient affidavit of merit would not hinder or
   prejudice the defendant's ability to defend against the plaintiff's
   cause of action. Under the facts of this case, the doctrine of
   equitable tolling allows the reinstatement of plaintiff's case,
   which reinstatement is not contrary to the legislative purpose
   behind MCL 600.2912d.

   Reversed.

O'CONNELL, J., dissenting, stated that the affidavit of merit utterly failed to conform to the law. Because a grossly nonconforming affidavit does not toll the period of limitations, the limitations period elapsed before the filing of an adequate affidavit, and the plaintiff's claim is time barred. The trial court order of summary disposition should be affirmed.

LIMITATION OF ACTIONS — STATUTE OF LIMITATIONS — EQUITABLE TOLLING.

Equitable tolling of a period of limitations may be applied where a plaintiff actively pursued his judicial remedies by filing a defective pleading during the limitations period.

*Kelman, Loria, Will, Harvey & Thompson* (by *Charles H. Chomet*) for the plaintiff.

*Aardema, Whitelaw & Sears-Ewald, PLLC* (by *Dolores Sears-Ewald* and *Timothy P. Buchalski*), for the defendant.

Before: MARKEY, P.J., and MURPHY and O'CONNELL, JJ.

MURPHY, J. Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) in this medical malpractice action, in which plaintiff's counsel, through inadvertent clerical error, filed a timely affidavit of merit with the complaint, but which affidavit related to another medical malpractice client of the law firm. A proper affidavit of merit relative to plaintiff had been timely prepared and executed less than a year after the alleged malpractice occurred and well before the complaint was filed. The trial court dismissed the complaint without prejudice because of the deficient affidavit. Plaintiff filed a new action; however, it was filed beyond the two-year limitations period for medical malpractice claims, and the trial court ruled that the filing of the initial complaint and affidavit did not toll the period of limitations. We reverse, invoking the doctrine of equitable tolling, also referred to as judicial tolling, and

relying on our Supreme Court's decision in *Bryant v Oakpointe Villa Nursing Ctr, Inc,* 471 Mich 411, 432; 684 NW2d 864 (2004).[1]

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Koenig v South Haven,* 460 Mich 667, 674; 597 NW2d 99 (1999). In the absence of disputed facts, whether a cause of action is barred by the statute of limitations is a question of law that is reviewed de novo. *Boyle v Gen Motors Corp,* 468 Mich 226, 229-230; 661 NW2d 557 (2003).

"The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff." 51 Am Jur 2d, Limitation of Actions, § 174, p 563. "In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations, provided it is in conjunction with the legislative scheme." 54 CJS, Limitations of Actions, § 86, p 122. In *Lewis v Detroit Automobile Inter-Ins Exch,* 426 Mich 93, 102; 393 NW2d 167 (1986), the Michigan Supreme Court, acknowledging the doctrine and quoting favorably United States Supreme Court precedent, stated:

> In addition to the above-cited Michigan insurance cases, there is precedent in the case law for the principle of

---

[1] While the applicability of equitable tolling and the *Bryant* opinion were not raised or argued by the parties, the question "whether to address an issue not briefed or contested by the parties is left to [the] discretion of the Court," and we find it proper to exercise that discretion under the circumstances presented and on the basis of established precedent regarding the principles that are invoked in this opinion. *Mack v Detroit,* 467 Mich 186, 207-208; 649 NW2d 47 (2002), citing *Legal Services Corp v Velazquez,* 531 US 533, 549, 558; 121 S Ct 1043; 149 L Ed 2d 63 (2001). We further note that *Bryant* was issued after the claim of appeal and the parties' briefs were filed with this Court.

judicial tolling. In *American Pipe & Construction Co v Utah*, 414 US 538, 559; 94 S Ct 756; 38 L Ed 2d 713 (1974), the United States Supreme Court stated:

"These cases fully support the conclusion that the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose."

See also *Steele v Bliss*, 166 Mich 593; 132 NW 345 (1911). Although the facts in these cases are dissimilar to those of the instant case, they do stand for the proposition that limitation statutes are not entirely inflexible, allowing judicial tolling under certain compelling circumstances.

This Court in *United States Fidelity & Guaranty Co v Amerisure Ins Co*, 195 Mich App 1, 6; 489 NW2d 115 (1992), noted that "Michigan and federal case law provides precedent for the principle that limitation statutes are not entirely rigid, allowing judicial tolling under certain circumstances[.]"

In *Bryant, supra* at 432, Justice MARKMAN, writing for the majority, applied the principles of the doctrine of equitable tolling in a medical malpractice action, while not specifically referring to the doctrine by name:

Having decided that two of plaintiff's claims sound in medical malpractice, we must determine whether plaintiff's medical malpractice claims are now time-barred. See MCR 2.116(C)(7).

The period of limitations for a medical malpractice action is ordinarily two years. MCL 600.5805(6). According to MCL 600.5852, plaintiff had two years from the date she was issued letters of authority as personal representative of Hunt's estate to file a medical malpractice complaint. Because the letters of authority were issued to plaintiff on January 20, 1998, the medical malpractice action had to be filed by January 20, 2000. Thus, under ordinary circum-

stances, plaintiff's February 7, 2001, medical malpractice complaint (her third complaint in total) would be. time-barred.

*The equities of this case, however, compel a different result.* The distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan[.] . . . Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accordingly, for this case and others now pending that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim. MCR 7.316(A)(7).[2] [Emphasis added.]

Equitable tolling has been applied where "the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to

---

[2] MCR 7.316(A)(7) provides the Supreme Court with the authority to "enter any judgment or order that ought to have been entered, and enter other and further orders and grant relief as the case may require[.]" MCR 7.216(A)(7) provides this Court with similar authority, wherein it is stated that the Court may "enter any judgment or order or grant further or different relief as the case may require." The Supreme Court in *Secura Ins Co v Auto-Owners Ins Co,* 461 Mich 382; 605 NW2d 308 (2000), rejected a judicial tolling argument where a statutory provision required an action for recovery of property protection insurance benefits to be filed within a year after an accident. The Court held that "there was no hint in the language of [the statute] that the Legislature intended that there be any tolling of that time." *Id.* at 387. Here, while the general statute of limitations, MCL 600.5805, does not refer to tolling principles, the more specific medical malpractice statute, MCL 600.2912d(2), provides for an extension of time to file an affidavit of merit upon a showing of good cause, thereby hinting that the Legislature contemplated situations in which a party would not be held to the strict requirements of the statute. Furthermore, *Secura,* which was issued before the decision in *Bryant,* did not reject, in general, the doctrine of judicial tolling; the Court simply found it inapplicable in the context of the *Secura* case.

pass." Am Jur 2d, *supra* at 563. While equitable tolling
applies principally to situations in which a defendant
actively misleads a plaintiff about the cause of action or
in which the plaintiff is prevented in some extraordi-
nary way from asserting his rights, the doctrine does
not require wrongful conduct by a defendant. *Id.* at 564.
An element of equitable tolling is that a plaintiff must
exercise reasonable diligence in investigating and bring-
ing his claim. *Id.* at § 175, p 564. In *Irwin v Dep't of
Veterans Affairs,* 498 US 89, 96; 111 S Ct 453; 112 L Ed
2d 435 (1990), the United States Supreme Court noted
that it had "allowed equitable tolling in situations
where the claimant has actively pursued his judicial
remedies by filing a defective pleading during the statu-
tory period[.]" In support, the Supreme Court cited, in
part, *Burnett v New York Central R Co,* 380 US 424; 85
S Ct 1050; 13 L Ed 2d 941 (1965), in which the plaintiff
filed a timely complaint, but in the wrong court. *Irwin,
supra* at 96 n 3.

We find it incumbent upon us to utilize this doctrine
to ensure fundamental practicality and fairness and to
prevent the unjust technical forfeiture of a cause of
action in this case. It is inconsistent with fundamental
justice to close the courthouse doors to a litigant who
has essentially satisfied the intent of the Legislature
relative to the prerequisites for processing a medical
malpractice claim, but who through clerical error at-
tached the wrong affidavit to the complaint. Yet that is
what occurred in this case, and the dissent has em-
braced it. To prevent injustice and provide plaintiff with
his day in court, we invoke what must and should be
rarely invoked, the doctrine of equitable or judicial
tolling.

Plaintiff's cause of action alleges medical malprac-
tice, and the period of limitations for medical malprac-

tice actions is two years. MCL 600.5805(6). With respect
to the principles and purposes underlying statutes of
limitations, our Supreme Court in *Lothian v Detroit,*
414 Mich 160, 166-167; 324 NW2d 9 (1982), enunciated:

> Limitation periods created by statute are grounded in a
> number of worthy policy considerations. They encourage
> the prompt recovery of damages, *Buzzn v Muncey Cartage
> Co,* 248 Mich 64, 67; 226 NW 836 (1929); they penalize
> plaintiffs who have not been industrious in pursuing their
> claims, *First National Bank of Ovid v Steel,* 146 Mich 308;
> 109 NW 423 (1906); they "afford security against stale
> demands when the circumstances would be unfavorable to
> a just examination and decision", *Jenny v Perkins,* 17 Mich
> 28, 33 (1868); they relieve defendants of the prolonged fear
> of litigation, *Bigelow [v Walraven,* 392 Mich 566, 576; 221
> NW2d 328 (1974)]; they prevent fraudulent claims from
> being asserted, *Bailey v Glover,* 88 US (21 Wall) 342; 22 L
> Ed 636 (1875); and they " 'remedy * * * the general
> inconvenience resulting from delay in the assertion of a
> legal right which it is practicable to assert' ". *Lenawee
> County v Nutten,* 234 Mich 391, 396; 208 NW 613 (1926).

The primary purposes behind statutes of limitations
can be summarized as (1) encouraging the plaintiffs to
diligently pursue claims and (2) protecting the defen-
dants from having to defend against stale and fraudu-
lent claims. *Lemmerman v Fealk,* 449 Mich 56, 65; 534
NW2d 695 (1995).

Here, there can be no genuine dispute that plaintiff
diligently pursued his cause of action.[3] The surgery and

---

[3] In this case, plaintiff's family doctor informed him that he needed to
have surgery on his colon and referred plaintiff to defendant, a general
surgeon, for the surgery. On October 30, 2000, plaintiff was admitted as
an inpatient and underwent surgery. Defendant performed a segmental
colon restriction with side-to-side anastomosis on plaintiff. Plaintiff
continued to be monitored by defendant after the surgery. Following the
surgery, there were signs of complications that ultimately led to surgical
wound dehiscence and infection. On November 4, 2000, plaintiff was

its immediate aftermath from which the alleged malpractice of defendant arose dates back to October 2000. Less than a year later, in August 2001, plaintiff served the required notice of intent under MCL 600.2912b. Shortly after the 182-day notice period expired, in March 2002, plaintiff filed his complaint with an attached affidavit of merit. Although the affidavit of merit did not relate to the case because of the inadvertent clerical filing error, there is no dispute that a proper affidavit of merit had been prepared and executed by a general surgeon back in September 2001, less than a year following the alleged negligent act and well before the complaint was filed. The same affiant had executed both affidavits, and both cases involved alleged malpractice associated with colon operations.[4] The complaint and the deficient affidavit were filed well ahead of the expiration of the two-year period of limitations.

transferred to Foote Hospital where he again had surgery—performed by another surgeon—which revealed "a perforated transverse colon and spillage of a marked amount of purulent material and feces." Plaintiff was hospitalized for a lengthy time, underwent extensive outpatient care, and eventually had to be rehospitalized.

[4] The *Bryant* opinion indicates that understandable confusion can support deviation from strict compliance with the statute of limitations, but not a negligent failure to preserve rights. *Bryant, supra* at 432. The word "negligent" is defined as follows: "Characterized by a person's failure to exercise the degree of care that someone of ordinary prudence would have exercised in the same circumstance[.]" Black's Law Dictionary (7th ed). The unchallenged affidavits submitted by plaintiff's counsel and counsel's secretary indicate simply that clerical error or mistake led to the attachment of the wrong affidavit of merit. We are not prepared to conclude that the mistake resulted from a failure to exercise the degree of care that someone of ordinary prudence would have exercised. Often, accidents and mistakes happen not as a product of negligence, but of hectic daily life or understandable and explainable miscommunications and mishaps that are necessarily a part of the human experience. Furthermore, counsel's affidavit references the many similarities between the two cases being handled by the law office, and any confusion in attaching the affidavit of merit is understandable.

After defendant was served the initial complaint, she waited more than seven months before filing a motion for summary disposition on the ground that the affidavit of merit was deficient. By the time defendant's motion for summary disposition was filed, the period of limitations had expired. Plaintiff's counsel filed the correct affidavit of merit as soon as he became aware of the error, but it was not timely.

In regard to the matter of prejudice to defendant, defense counsel conceded at oral argument that any delay in the proceedings associated with the deficient affidavit of merit had not hindered or prejudiced defendant's ability to defend against plaintiff's cause of action. Furthermore, defendant acknowledged that the appropriate affidavit of merit relative to this case was in compliance with the statute.

The application of equitable tolling is not contrary to the legislative purpose behind the enactment of MCL 600.2912d. The requirement that a plaintiff file an affidavit of merit pursuant to MCL 600.2912d is to serve the purpose of deterring frivolous medical malpractice claims. *Dorris v Detroit Osteopathic Hosp Corp,* 460 Mich 26, 47; 594 NW2d 455 (1999). We fail to see how allowing plaintiff to pursue his cause of action—in which an affidavit of merit was in fact procured and executed in a timely manner, and in which defendant eventually was served with the proper affidavit without incurring prejudice because of the time lag—detracts from the Legislature's intent to preclude frivolous medical malpractice claims.

Dismissal of plaintiff's complaint is fundamentally unfair and constitutes an unjust technical forfeiture of his cause of action. As in *Bryant,* the equities of this medical malpractice case compel a finding that the action is not time-barred. But for a clerical error,

plaintiff's action would have survived. Balancing the injustice to plaintiff against the public policy behind statutes of limitations, including prejudice to defendant, the scale weighs heavily in favor of a finding that the action is not barred.

Our decision is not affected by this Court's ruling in *Young v Sellers*, 254 Mich App 447, 452; 657 NW2d 555 (2002), in which the Court reluctantly held that a medical malpractice complaint, which was filed without the affidavit of merit because of a clerical error, was barred by the statute of limitations pursuant to the holding in *Scarsella v Pollak*, 461 Mich 547; 607 NW2d 711 (2000). The affidavit was signed and prepared before the period of limitations on the plaintiff's claim expired; however, because of a clerical error it was not filed until after the limitations period had expired. *Young, supra* at 452. The Court, finding itself bound by stare decisis, held that the plaintiff's claim was barred. *Id.* Here, an affidavit of merit was timely filed albeit unrelated to plaintiff's case. Regardless, there is no indication in the language of *Young* that the Court considered the doctrine of equitable tolling. Moreover, our Supreme Court's decision in *Bryant* was not subject to consideration as it had not yet been issued. That being the case, we are not confined to the limited analysis set forth in *Young*.

We are cognizant of the decisions in *Scarsella*, *Mouradian v Goldberg*, 256 Mich App 566; 664 NW2d 805 (2003), and *Geralds v Munson Healthcare*, 259 Mich App 225; 673 NW2d 792 (2003). Those cases, however, were decided before *Bryant* and did not address equitable tolling, nor were the circumstances such that equity compelled a different outcome. In *Scarsella*, the plaintiff did not file any affidavit of merit until after the period of limitations elapsed, and there is no indi-

cation that a statutorily compliant affidavit had been prepared and executed before the limitations period expired. In *Mouradian, supra* at 573, this Court, noting the deficiencies in the affidavit of merit submitted by the plaintiffs, stated:

> In the present case, Dr. Siegel's affidavit [of merit] not only fails to contend that Dr. Goldberg inappropriately injected the anesthetic during the second surgery, the affidavit also fails to certify any merit to the assertion in the complaint that Dr. Goldberg breached any standard of care in the second surgery. Rather, the statements in the affidavit concerning the second surgery refer only to other defendants.

Hence, there did not exist a legally sound and valid affidavit of merit in *Mouradian,* and, thus, the legislative intent to deter frivolous medical malpractice lawsuits was not served by leaving equitable considerations by the wayside. Here, an admittedly sound and valid affidavit existed, and it existed long before the period of limitations expired. And although it was not timely filed because of an inadvertent clerical error, it minimally formed a basis to make an initial assessment that plaintiff's claim was not frivolous, thereby serving the legislative purpose of MCL 600.2912d. In *Geralds,* there did not exist a legally sound affidavit of merit because the affidavit that was submitted was executed by a doctor with a different board certification than the alleged tortfeasor's board certification. Once again, the legislative purpose was not served. That purpose, however, was served here when plaintiff obtained an affidavit of merit that complied with the statutory requirements. Equity dictates that the clerical error should not negate the affidavit, which reflects that plaintiff's claims are not frivolous.

Tolling the period of limitations from the time the original complaint was filed in March 2002 until discov-

ery of the error in November 2002, the February 2003 filing of the new complaint is timely under the two-year limitations period. We find that the case before us today presents a compelling reason to reverse the trial court's order dismissing plaintiff's complaint.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

MARKEY, P.J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent. Plaintiff filed the wrong affidavit of merit with his complaint. Therefore, the affidavit utterly failed to conform to the law. Because a grossly nonconforming affidavit does not toll the period of limitations, and the limitations period elapsed before the filing of a correct affidavit, plaintiff's claim is time barred. Therefore, I am required to follow Supreme Court precedent and must dissent from the majority's noble, but misguided, attempt to salvage this case.[1]

The trial court in this case originally denied defendant's motion for summary disposition, but after we issued *Mouradian v Goldberg*, 256 Mich App 566; 664 NW2d 805 (2003), the trial court reconsidered its decision on its own motion and granted summary disposition. While plaintiff argued that *Mouradian* did not apply, he did not raise any issue regarding estoppel, waiver, or any other equitable doctrine that might conceivably excuse his failure to file the appropriate affidavit of merit with his complaint. Neither did plaintiff mention the issue of equitable tolling in his statement of appellate issues. The majority has researched,

---

[1] It is clear from this record that the defendant's attorney waited (sandbagged) until the period of limitations had run before he notified plaintiff that the wrong affidavit had been filed.

considered, accepted, and applied this legal theory without any assistance from plaintiff and without providing defendant with any opportunity to rebut it.

Putting aside these procedural irregularities, the current state of the law does not justify application of the majority's equitable doctrine. In general, "a civil case is commenced and the period of limitation is tolled when a complaint is filed." *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000). However, in actions alleging medical malpractice, a plaintiff must file an affidavit of merit with the complaint for the complaint to initiate the lawsuit. *Id.*; MCL 600.2912d(1). Filing a complaint without an affidavit of merit is insufficient to commence the lawsuit, so it will not toll the period of limitations. *Scarsella, supra* at 553; see also *Burton v Reed City Hosp Corp*, 471 Mich 745, 752; 691 NW2d 424 (2005). In *Scarsella, supra* at 551-553, our Supreme Court upheld the trial court's dismissal of a claim as time barred because the plaintiff failed to commence the suit with an affidavit within the limitations period.

In *Mouradian, supra* at 574, we determined that an affidavit of merit that is "grossly nonconforming" with MCL 600.2912d(1) does not toll the period of limitations any more than a complaint that is unaccompanied by any affidavit. Additionally, in *Geralds v Munson Healthcare*, 259 Mich App 225, 240; 673 NW2d 792 (2003), we held that an affidavit that did not meet the statutory standards contained in MCL 600.2912d(1) was defective and did not toll the period of limitations. In *Young v Sellers*, 254 Mich App 447, 451-453; 657 NW2d 555 (2002), we acknowledged that the rule in *Scarsella* was harsh and unforgiving, even when the mistake was caused by nothing more than a clerical oversight, but we applied it as law. Recently, our Supreme Court considered a similar situation that stemmed from an

attorney's oversight combined with sharp practice on a defendant's part. *Burton, supra* 748-749. Nevertheless, it held that the proper remedy was dismissal without prejudice and without regard to the fact that the limitations period had already expired. *Id.* at 753-754.

Having presented the current state of the law, I must add that I disagree with any rule of law that encourages conniving, unethical practice on the part of attorneys. The public's disdain for such behavior prompted the legislation under review. Neither the Legislature, nor our courts, should try to equalize injustices, but should strive to erase them altogether. We will never obtain fairness by allowing the disadvantaged and exploited to cheat. Therefore, while I would apply the rule of law in this case, I would also note that the Michigan Court Rules could prevent this type of gamesmanship if they required a defendant to raise with particularity any objections to the validity of an affidavit of merit in the defendant's first responsive pleading. Failure to object would result in the defendant waiving any later objection to the efficacy of the affidavit. Objecting would put the plaintiff immediately on notice of the affidavit's infirmities and would inject a much-needed dose of integrity into the current system. I would encourage the Supreme Court to amend the Michigan Court Rules accordingly.

Rather than directly approach this difficult issue, the majority equitably excuses plaintiff's failure to file the affidavit on the basis of a doctrine it discovers in *Bryant v Oakpointe Villa Nursing Ctr, Inc,* 471 Mich 411, 432; 684 NW2d 864 (2004). However, that case specifically applied the doctrine of equitable tolling because "[p]laintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather

than a *negligent failure to preserve her rights." Id.* at
432 (emphasis added). In the case at bar, plaintiff's
mistake was undoubtedly "the product" of a "negligent
failure" rather than an "understandable confusion," so
equitable tolling does not apply.

The affidavit of merit filed by plaintiff in this case
failed to meet the requirements of MCL 600.2912d(1)
because it was an affidavit regarding the wrong patient.
The affidavit failed to state that defendant breached the
standard of care, failed to state what actions defendant
should have taken to comply with the standard of care,
and failed to state the way defendant's breach of the
standard of care caused plaintiff's injuries. MCL
600.2912d(1). As such, it was grossly nonconforming
because it did not deal with any specifics about this
plaintiff or this defendant. Under *Mouradian* and *Ger-
alds*, the filing of the defective affidavit did not toll the
period of limitations and the trial court did not err in
granting summary disposition. Therefore, lacking the
suggested amendment to the Court Rules, I would
affirm.