# Order

Michigan Supreme Court
Lansing, Michigan

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

May 10, 2019

156950 & (39)

JAMES WADE,
   Plaintiff-Appellant,

v

WILLIAM McCADIE, D.O., and ST. JOSEPH
HEALTH SYSTEM, INC. d/b/a HALE ST.
JOSEPH MEDICAL CLINIC,
   Defendant-Appellees.

SC: 156950
COA: 335418
Iosco CC: 13-007515-NH

_____/

   On order of the Court, the motion to extend time is GRANTED. The application for leave to appeal the November 14, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

   VIVIANO, J. (*concurring*).

   I concur with the denial order because I believe the Court of Appeals reached the right result by upholding the trial court's grant of summary disposition in favor of defendants under *Scarsella v Pollak*, 461 Mich 547, 549 (2000) (holding that an affidavit of merit (AOM) is necessary to toll the statute of limitations in a medical malpractice case). I write separately because I continue to question whether *Scarsella* was correctly decided. See *Castro v Goulet*, 501 Mich 884, 889 (2017) (VIVIANO, J., concurring) (stating my belief that under a plain reading of the statutory scheme, "the AOM has no effect on commencing a lawsuit for purposes of the statute of limitations"). Under my reading of the pertinent statutes, although dismissal may still be warranted under a different rule, it would not be warranted under MCR 2.116(C)(7) for failure to comply

with the statute of limitations.[1]  But since no party has asked us to reconsider *Scarsella*,[2] I concur with the Court's denial order in this case.

---

[1] Whether dismissal would still be warranted for failing to file an affidavit of merit if *Scarsella* were overturned and, if so, on what grounds, are interesting questions that would need to be addressed in an appropriate future case.

[2] In arguing that the Court of Appeals should have applied equitable tolling, plaintiff points to *Ward v Rooney-Gandy*, 265 Mich App 515, rev'd 474 Mich 917 (2005), and *Young v Sellers*, 254 Mich App 447 (2002).  These cases only call into question how *Scarsella* should be applied.  Thus, plaintiff raises no argument as to whether *Scarsella*'s interpretation of the pertinent statutes is correct.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 10, 2019



d0507

Clerk