KATER v BRAUSEN

Docket No. 222666. Submitted May 10, 2000, at Grand Rapids. Decided
June 30, 2000, at 9:05 A.M.

Mark Kater, as temporary guardian of the two minor children of his
deceased wife, brought an action in the Ottawa Circuit Court, seek-
ing an order granting him permanent custody of his stepchildren.
J. Henry Brausen, the children's biological father and the
deceased's ex-husband, requested custody and moved for summary
disposition on the basis that a temporary guardian does not have
standing to bring an action for custody. The court, Wesley J.
Nykamp, J., denied the motion for summary disposition. Brausen
appealed from that order by leave granted.

The Court of Appeals held:

A temporary guardian has the same power as an ordinary guard-
ian, except that the temporary guardian's authority automatically
terminates within six months of appointment. Temporary guardians
are merely a subcategory of ordinary guardians. A temporary
guardian has the same authority as an ordinary guardian to bring
an action for custody of a child.

Affirmed.

GUARDIAN AND WARD — TEMPORARY GUARDIANS — ACTIONS — CUSTODY —
STANDING.

A temporary guardian has the same power and authority as an ordi-
nary guardian, except that the temporary guardian's authority auto-
matically terminates within six months of appointment; temporary
guardians are merely a subcategory of ordinary guardians; a tempo-
rary guardian has the same standing as an ordinary guardian to
bring an action for custody of a child ward (MCL 700.427[3],
722.26b[1]; MSA 27.5427[3], 25.312[6b][1]).

*Richard J. Lobbes, P.C.* (by *Richard J. Lobbes*), for
the plaintiff.

*Donald J. Manderfeld,* for the defendant.

Before: DOCTOROFF, P.J., and SAWYER and CAVANAGH, JJ.

SAWYER, J. Defendant appeals by leave granted from an order of the circuit court denying his motion for summary disposition of plaintiff's action seeking custody of two minor children. We affirm.

This dispute for custody is between the children's stepfather (plaintiff) and their biological father (defendant) following the death of their mother. Defendant and Sharon Kater were married in 1984 and two children were born of the marriage: Ashley in 1984 and Amber in 1986. Sharon Kater and defendant were divorced in Wisconsin in 1987. The mother was granted custody of the children. Thereafter, the mother married plaintiff. Sharon Kater died on November 28, 1998.

Defendant thereafter requested that the children be returned to him. On December 16, 1998, plaintiff filed a petition for guardianship, resulting in a guardian ad litem being appointed for the children. The guardian ad litem recommended that the children remain in plaintiff's custody. Plaintiff was appointed temporary guardian of both children. Thereafter, plaintiff filed the instant action, seeking permanent custody. Defendant moved for summary disposition on the ground that plaintiff did not have standing to bring a custody action as a temporary guardian. The trial court disagreed and denied the motion. This Court thereafter granted leave to appeal.

The sole issue before this Court is whether temporary guardians have standing to bring an action for custody. We conclude that they do.

The authority of a guardian to bring a child custody action is set forth in MCL 722.26b(1); MSA 25.312(6b)(1):

> Except as otherwise provided in subsection (2), a guardian or limited guardian of a child has standing to bring an action for custody of the child pursuant to this act.

The essence of defendant's argument is that this statute does not grant temporary guardians standing to bring an action for custody inasmuch as it explicitly mentions ordinary and limited guardians, but not temporary guardians. Defendant's argument, however, is valid only if there are, in fact, three categories of guardians: ordinary, limited, and temporary. We are, however, not persuaded that temporary guardians represent a category of guardians separate and apart from ordinary and limited guardians.

Temporary guardians are established by MCL 700.427(3); MSA 27.5427(3),[1] which provides as follows:

> If necessary, the court may appoint a temporary guardian with the status of an ordinary guardian of a minor, but the temporary guardian's authority shall not exceed 6 months.

This provision does not, in our opinion, create a third category of guardian with powers different from that of ordinary and limited guardians. Indeed, by the statute's clear and unambiguous terms, a temporary guardian has the same power as an ordinary guardian, except that the temporary guardian's authority automatically terminates within six months. To say that a

---

[1] All references are to the Revised Probate Code as it existed before April 1, 2000, the effective date of 1998 PA 386, the Estates and Protected Individuals Code.

temporary guardian does not have the same authority as an ordinary guardian to file a child custody action because temporary guardians are not mentioned in MCL 722.26b(1); MSA 25.312(6b)(1) is in direct contradiction to the provisions of MCL 700.427(3); MSA 27.5427(3) that temporary guardians have the same power as an ordinary guardian.

However, we need not create a conflict between the two statutes. Rather, the statutes may be read in harmony by recognizing that the Legislature did not create a separate category of temporary guardian. Instead, temporary guardians are merely a subcategory of ordinary guardians, differing only in that a temporary guardian's authority automatically terminates at a time certain (within six months) rather than being open-ended. That, however, is the only distinction between ordinary and temporary guardians.

A cardinal rule of statutory construction is that where statutory language is clear and unambiguous, the courts may not vary the plain meaning of the statute. *United States Fidelity & Guaranty Co v Amerisure Ins Co*, 195 Mich App 1, 5; 489 NW2d 115 (1992). In our opinion, the language of MCL 700.427(3); MSA 27.5427(3) is clear and unambiguous: a temporary guardian has the same status as an ordinary guardian, with the exception of the length of the guardianship.

Defendant also invokes the maxim *expressio unius est exclusio alterius*, that the express mention of one thing is to the exclusion of all others, see *Amerisure*, *supra* at 6, in support of the argument that the Legislature's failure to mention temporary guardians in MCL 722.26b(1); MSA 25.312(6b)(1) indicates an intent to exclude them. However, as discussed above,

that is true only if the Legislature recognized temporary guardians as a separate class of guardians. If, on the other hand, the Legislature recognized temporary guardians as a subgroup of ordinary guardians, there would be no need to mention them because they were already included in the reference to ordinary guardians. Again, this interpretation makes the most sense because it preserves the Legislature's directive in the Revised Probate Code that temporary guardians have the same status as ordinary guardians.

For these reasons, we conclude that temporary guardians have the same authority as ordinary guardians and, therefore, the trial court correctly concluded that plaintiff, as a temporary (ordinary) guardian, had the authority to bring an action for custody of his wards.

Affirmed. Plaintiff may tax costs.