# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINA HOLMES,

        Plaintiff,

and

TAMMY A. RICHARDSON,

        Third-Party Plaintiff,

and

MEGAN BORSTLER and ANTHONY
ROBINETTE,

        Appellants,

v

ROBERT JAY BRABBS,

        Defendant-Appellee.

UNPUBLISHED
January 13, 2015

No. 322096
Genesee Circuit Court
Family Division
LC No. 02-241631-DS

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

Appellants Megan Borstler and Anthony Robinette appeal as of right an order denying their request to intervene and participate in the custody proceeding below, and their motion for third-party custody, of the minor child, DB. We reverse the trial court's order denying appellants' request to participate in the custody proceedings below and remand for a new best interest hearing.

DB was born on May 3, 2002. Defendant, Robert Brabbs, is DB's father, and DB's mother is plaintiff, Christina Holmes. Defendant and Holmes never married. Holmes died in October of 2010 from cancer. Following Holmes's death, the trial court awarded full legal and physical custody of DB to his maternal grandmother, Tammy A. Richardson, who was allowed

to participate in the custody proceeding as a third-party plaintiff. Defendant was given parenting time once each month, with Richardson to be present during the visits. Richardson died in February of 2014. DB began living with appellants. Appellant Robinette's father, Wallace Robinette, was married to Richardson for about two years before Richardson's death. Appellants are engaged and have a child together. Appellant Borstler petitioned the Wayne Circuit Court for temporary guardianship over DB in March 2014. Later that month, defendant filed a motion for custody in the trial court. Borstler was granted temporary guardianship over DB, and appellants then filed a motion for custody in the trial court. The trial court denied appellants' motion because appellants lacked standing and granted sole custody to defendant. Appellants appeal.

First, appellants argue that the trial court erred in concluding that they lacked standing to participate as parties in the custody proceeding below. We agree.

"This Court must affirm all custody orders unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a legal error on a major issue." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Findings of fact "should be affirmed unless the evidence clearly preponderates in the opposite direction." *Id*. "An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. Finally, a trial court commits clear legal error when it "incorrectly chooses, interprets, or applies the law." *Id*. at 706. This Court reviews issues of standing de novo. *Duncan v Michigan*, 300 Mich App 176, 191; 832 NW2d 761 (2013).

"[I]f a third party lacks standing, he or she cannot become a party to a custody dispute." *In re Anjoski*, 283 Mich App 41, 63; 770 NW2d 1 (2009).[1] Generally, to have standing, "a party must have a legally protected interest that is in jeopardy of being adversely affected." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). In child custody disputes, however, the Legislature has strictly limited those third persons, or individuals "other than a parent," who have standing to bring an action for the custody of a child. *Anjoski*, 283 Mich App at 50-51; see also MCL 722.22(j) (defining "third person"). Under MCL 722.26b(1), "a guardian or limited guardian of a child has standing to bring an action for custody of the child," with certain restrictions. MCL 722.26c(1)(b) provides that a third person may bring a custody action for a child if all of the following are true:

(*i*) The child's biological parents have never been married to one another.

(*ii*) The child's parent who has custody of the child dies or is missing and the other parent has not been granted legal custody under court order.

---

[1] Although the trial court said it was denying appellants' "request to intervene," it focused only on whether appellants had standing to participate in the custody proceeding. In addition, because appellants wanted to participate in the custody proceeding, the relevant issue below was whether they had standing to do so. See *Anjoski*, 283 Mich App at 63.

(*iii*) The third person is related to the child within the fifth degree by marriage, blood, or adoption.

A third party does not have standing because he lives with the child. *Anjoski*, 283 Mich App at 50-51, citing *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992). A third party may not "create a custody dispute by simply filing a complaint in circuit court alleging that giving legal custody to the third party is in the child's best interests." *Id.* at 51, quoting *Heltzel v Heltzel*, 248 Mich App 1, 28-29; 638 NW2d 123 (2001) (quotation marks omitted).

First, Borstler had standing to participate as a party in the custody dispute under MCL 722.26b(1), because when she made the request she was DB's temporary guardian. In *Kater v Brausen*, 241 Mich App 606, 607-610; 617 NW2d 40 (2000), this Court made clear that temporary guardians have standing to bring an action for custody because a temporary guardian has the same authority as an ordinary guardian. Although the trial court judge or referee may have disagreed with the Wayne Probate Court's decision to grant Borstler a temporary guardianship over DB, the fact remains that a legally-enforceable order gave her that legal status. In addition, defendant claims Borstler obtained temporary guardianship over DB fraudulently, or by misrepresenting her relationship to DB. However, defendant then admits that Borstler's actual relationship to DB was disclosed to the court at the guardianship hearing. Consequently, the court had this information before it granted Borstler a temporary guardianship over DB.[2]

Second, Robinette had standing to participate as a party in the custody dispute under MCL 722.26c(1)(b), which requires that (1) the child's biological parents never married; (2) the parent who had custody dies or is missing and the other parent has never had legal custody; and (3) the third person be related to the child within the fifth degree by blood, marriage, or adoption. There is no dispute that Holmes and defendant never married. Holmes, who had custody of DB, died. DB's maternal grandmother, Richardson, was then granted legal and physical custody of DB, but she also died. Defendant did not have legal custody of DB until he was granted custody in the proceedings following Richardson's death. Finally, Robinette is related to DB within the fifth degree by marriage. Robinette is DB's step-uncle; Robinette's father was married to DB's grandmother. An individual is related "[w]ithin the fifth degree by marriage, blood, or adoption" to his step-uncle. MCL 710.22(y). Accordingly, appellants had standing to participate in the custody proceedings.

---

[2] We further reject defendant's cursory and unsupported assertion that this issue is moot because Borstler's temporary guardianship was subsequently terminated after the trial court's custody determination. "A case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights." *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004). "Generally, this Court need not reach moot issues or declare legal principles that have no practical effect on the case unless the issue is one of public significance that is likely to recur, yet evade judicial review." *Id.* (citation and internal quotation marks omitted). We do not agree that the disputed legal issues present only abstract questions of law and would have no practical effect on the case.

Second, appellants assert that even if they did not have standing, the trial court could still award them custody of DB under MCL 722.27(1)(a). We agree.

Even if appellants did not have standing, the trial court could still award them custody of DB. See *Anjoski*, 283 Mich App at 62-63; *Heltzel*, 248 Mich App at 29-30. The referee committed clear legal err in concluding that it could only award custody to individuals with standing. MCL 722.27(1)(a) provides:

> (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
>
> > (a) Award the custody of the child to 1 or more of the parties involved *or to others* . . . . [Emphasis added.]

The words "or to others" means that, after a custody dispute has been properly submitted to the trial court, the court may award custody to others, even individuals who do not have standing, if it is in the child's best interests. *Anjoski*, 283 Mich App at 62-63. "There is no limiting language in the statute that conditions an award 'to others' to only those 'others having standing.' " *Id*. "Rather, the statute's sole limitation is that the award be in the child's best interests, after weighing the parental presumption, applicable burdens of proof, and the statutory best interests factors." *Id.* at 63. Here, defendant filed a motion for custody in the trial court, initiating a proper custody dispute. Pursuant to MCL 722.27(1)(a), the trial court then had the authority to award custody of the child to a third party, such as appellants, regardless of whether they had standing. *Id*.

Based on our conclusions above, we are remanding for the trial court to conduct a best interest hearing in which defendant and appellants are allowed to fully participate. The court should then award custody based on DB's best interests. Because the custody dispute is between a parent and third parties, "the court shall presume that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence." MCL 722.25. Nonetheless, the court must still make specific findings of fact with respect to each of the best interest factors. See *Grew v Knox*, 265 Mich App 333, 337; 694 NW2d 772 (2005); *Schlender v Schlender*, 235 Mich App 230, 233; 596 NW2d 643 (1999); see also MCL 722.23. In addition, "the trial court should consider up-to-date information and any other changes in circumstances arising since the trial court's original custody order." *Kessler v Kessler*, 295 Mich App 54, 63; 811 NW2d 39 (2011) (citation and internal quotation marks omitted).

Finally, we urge the trial court to appoint a guardian ad litem to represent DB's best interests. Dr. David G. Hall's report from 2011 indicates that DB did not view defendant as a father figure. Dr. Hall also noted that DB has special needs, including significant anxiety problems and separation issues, particularly during his visitations with defendant. For this reason, Dr. Hall not only recommended that the court award Richardson legal and physical custody, but also that Richardson be present at DB's visitations with defendant. Dr. Hall hoped that over time, defendant and DB could build their relationship. However, it appears that

-4-

defendant and DB were not able to do so; defendant says that he was prevented from seeing DB by Richardson. The trial court evidently accepted Dr. Hall's opinion; it adopted Dr. Hall's recommendation with respect to custody and parenting time. Nonetheless, DB was never referred for a psychological examination or appointed a guardian ad litem during the instant custody dispute. We do not know if DB's anxiety problems, particularly as they relate to defendant, continue to persist. Additionally, there were other factors, like DB's preference, that were never considered. The appointment of a guardian ad litem would help protect and advocate for DB's interests.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Appellants Borstler and Robinette, the prevailing parties, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell