*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GUARDIANSHIP OF EAHC.

UNPUBLISHED
October 14, 2024
10:52 AM

No. 369381
Kent Circuit Court
LC No. 23-011352-GM

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

EAHC was born in Guatemala on December 15, 2005, and he grew up in that country. But after receiving no support from his parents, EAHC came to the United States before he turned 18. EAHC lived in Grand Rapids with a family friend, who filed a petition for the appointment of a guardian for EAHC on November 16, 2023. The trial court promptly entered an order appointing the Michigan Department of Health and Human Services (DHHS) to conduct an investigation that included a home study, but the home study took time to complete. Additionally, the court entered an order on November 17, 2023, appointing petitioner as EAHC's temporary guardian, "expiring on 12/15/23." The guardian filed a motion for special determinations and a supplemental brief in support of the motion on December 8, 2023, and an emergency motion for a written final order on December 21, 2023. But on December 27, 2023, the trial court issued an opinion and order on the emergency motion, stating that petitioner's motion for findings on the issue of special immigrant juvenile (SIJ) status scheduled for December 1, 2023 was "not heard . . . because a home study was not completed prior to the hearing." The trial court then observed that EAHC "is 18 years old as of December 15, 2023" and decided that "this Court now lacks jurisdiction over him . . . due to [p]etitioner's inexplicably late filing of this case less than four (4) weeks before [EAHC] attained the age of majority." We affirm.

## I. FACTUAL BACKGROUND

EAHC was born in Guatemala. While he was living in Guatemala, his mother was unable to provide him with adequate food and clothing, and his father was incarcerated so he had limited involvement in EAHC's life. At age 16, EAHC worked in a factory to provide for himself and his

-1-

siblings. EAHC was injured while working at that job when a hot piece of metal shot into his eye.[1] After his injury, EAHC left Guatemala and came to the United States to live with petitioner. In September 2023, EAHC was released by the United States Office of Refugee Resettlement to the care of petitioner, and EAHC thereafter started living with petitioner in Michigan, where EAHC's basic needs were met and he was able to attend school.

On November 16, 2023, petitioner asked the trial court to appoint him to serve as EAHC's temporary and permanent guardian. Petitioner also moved for special determinations, requesting that the trial court render factual findings for the SIJ petition of EAHC to the United States Citizen and Immigration Services (USCIS). On November 17, 2023, the trial court appointed petitioner as EAHC's temporary guardian until December 15, 2023, which was EAHC's 18th birthday. The trial court also ordered the DHHS to perform an investigation regarding the petition for permanent guardianship. The trial court scheduled a hearing on petitioner's motion for special determinations to take place on December 29, 2023. Petitioner asked the trial court to move the hearing to a date before EAHC's 18th birthday, so the hearing was rescheduled for December 1, 2023. But on that date, the trial court refused to consider petitioner's motion because the DHHS had not completed a home study and EAHC was not a ward of the court.

Petitioner filed a brief to supplement his motion for special determinations, asking the trial court to make factual determinations before EAHC turned 18. In addition, petitioner moved for a written final order with the requisite factual findings. On December 27, 2023, the trial court denied petitioner's motion for a written final order, stating that the court lacked jurisdiction over EAHC because he had turned 18. The trial court also noted that it could only make factual findings for a petition for SIJ status if EAHC was "declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency." As the trial court framed it, in order "to appoint a guardian for a minor and deem him dependent upon the Court[,] this Court must find 'the minor's welfare will be served by the requested appointment' pursuant to MCL 700.5213(2)." And in that respect, the trial court stated that it "typically orders DHHS to complete an investigation of the proposed guardian and home and to assess both by applying the best interest factors." Indeed, the trial court ordered such an investigation, but the DHHS had not yet been able to complete a home study. Thus, the trial court concluded that, "[w]ithout any such assessment, this Court lacks the ability to make the required findings as it is unable to determine the appropriateness of the proposed guardian and/or home." Petitioner then appealed of right from the trial court's ruling.

## II. LEGAL ANALYSIS

On appeal, petitioner contends that the trial court erred by failing to issue factual findings to support EAHC's petition for SIJ status. Specifically, EAHC was dependent on the trial court to make SIJ findings because the trial court appointed petitioner as EAHC's temporary guardian. The trial court was mistaken in deciding that it lacked authority to render SIJ findings on December 1, 2023, but the trial court correctly concluded that it lacked jurisdiction over EAHC once he turned

---

[1] The details of EAHC's injury are inconsistent in the record. According to EAHC's affidavit, the metal struck his eye, whereas petitioner's motion for special determinations explains that the injury occurred to EAHC's ear.

18 years old on December 15, 2023. Jurisdiction is an issue of law that this Court reviews de novo. *Riverview v Sibley Limestone*, 270 Mich App 627, 636; 716 NW2d 615 (2006). Consequently, we must consider the issue of jurisdiction without affording any deference to the trial court's analysis of that subject.

## A. OVERVIEW OF SIJ STATUS

"The Immigration and Nationality Act of 1990 'established SIJ status as a path for resident immigrant children to achieve permanent residency in the United States.' " *In re Velasquez*, 344 Mich App 118, 128; 998 NW2d 898 (2022) (citation omitted). Both "8 USC 1101(a)(27)(J) and 8 CFR 204.11 (2017) afford 'undocumented children, under the jurisdiction of a juvenile court, the ability to petition for special immigrant juvenile status in order to obtain lawful permanent residence in the United States.' " *In re LFOC*, 319 Mich App 476, 484; 901 NW2d 906 (2017). In 8 USC 1101(a)(27)(J), Congress defined a "special immigrant" to include "an immigrant who is present in the United States . . . *who has been declared dependent on a juvenile court located in the United States* . . . ." (Emphasis added.) A "juvenile court" means "a court located in the United States that has jurisdiction under State law to make judicial determinations about the dependency and/or custody and care of juveniles." 8 CFR 204.11(a) (2022). Michigan circuit courts qualify as juvenile courts under the federal statute. See *In re LFOC*, 319 Mich App at 487 ("the trial court in this case qualifies as a juvenile court under the federal definition"). Accordingly, the trial court was a "juvenile court" for the purpose of 8 CFR 204.11(a) (2022).

"[O]btaining SIJ status . . . entails a unique hybrid procedure that directs the collaboration of state and federal systems." *In re Velasquez*, 344 Mich App at 128 (quotation marks and citations omitted). "First, the state court makes predicate factual findings pertinent to the juvenile's SIJ status." *Id*. Specifically, the state court "must find that the individual who seeks SIJ status is under the age of 21, unmarried, and (1) *dependent on the juvenile court*, (2) cannot viably be reunified with one or both of their parents because of neglect, abandonment, or a similar basis found under state law, and (3) the juvenile's best interests would not be served by returning to their country of origin." *Id*. (emphasis added, citations omitted). "The federal statute places no restriction on what is an appropriate proceeding or how these SIJ factual findings should be made. The only limitation is that the court entering the findings fit the federal definition of a juvenile court." *In re LFOC*, 319 Mich App at 487 (quotation marks and citation omitted). " '[C]ourts around the country hear SIJ evidence in a variety of settings, including custody proceedings, adoption petitions and probate issues.' " *Id*. at 486-487 (citation omitted).

"After the state court makes the predicate findings, the juvenile applies to the USCIS for SIJ status. The USCIS engages in a much broader inquiry than state courts, and makes the ultimate decision as to whether or not the juvenile's application for SIJ status should be granted." *In re Velasquez*, 344 Mich App at 129 (quotation marks and citations omitted). Thus, "Congress chose to rely on state courts to make initial factual findings because of their special expertise in making determinations as to abuse and neglect issues, evaluating the best interest factors, and ensuring safe and appropriate custodial arrangements." *In re LFOC*, 319 Mich App at 486 (quotation marks and citation omitted). But the findings of state courts are not outcome-determinative. Instead, the USCIS is the final arbiter of SIJ status.

## B. JURISDICTION

Here, the trial court dismissed the case for lack of jurisdiction. According to the trial court, its jurisdiction over EAHC terminated on December 15, 2023, the date on which EAHC turned 18 years old and petitioner's temporary guardianship ended. Consideration of the trial court's ruling on jurisdiction is complicated by the fact that no Michigan statute addresses the jurisdiction of a trial court when the guardianship of a minor terminates before a trial court fulfills a request for SIJ findings.[2] Michigan permits a trial court to retain jurisdiction in guardianship proceedings beyond a juvenile's 18th birthday in several circumstances. For example, in child protective proceedings,[3] "[u]nless terminated by court order, the court's jurisdiction over a juvenile guardianship ordered under MCL 712A.19a or MCL 712A.19c for a youth 16 years of age or older shall continue until 120 days after the youth's eighteenth birthday." MCR 3.979(C)(1)(b). Likewise, if the court has exercised jurisdiction over a juvenile under MCL 712A.2(a) or MCL 712A.2(b),[4] jurisdiction shall "continue for a period of 2 years beyond the maximum age of jurisdiction conferred under section 2 of this chapter, unless the juvenile is released sooner by court order." MCL 712A.2a(1). Also, we have concluded that a child protective proceeding "is not necessarily limited to children under 18 years of age, see MCL 712A.2a(1), and the courts are not obligated to close [a child protective proceeding] when a youth turns 18 years old if it is not in the child's best interests to close the case at that point." *In re Hull*, 345 Mich App 562, 571; 7 NW3d 114 (2023). But those exceptions do not apply to EAHC.

For SIJ status, a state court must find that "the juvenile is declared dependent on a juvenile court." *In re Velasquez*, 344 Mich App at 132, citing 8 USC 1101(a)(27)(J). According to 8 CFR 204.11(c)(1)(*i*) (2022), a juvenile court specifically must have made at least one of the following determinations: "(A) [d]eclared the petitioner dependent upon the juvenile court; or (B) [l]egally committed to or placed the petitioner under the custody of an agency or department of a State, *or an individual or entity appointed by a State or juvenile court*." (Emphasis added.) Under the plain language of 8 CFR 204.11(c)(1)(*i*)(B) (2022), the dependency element is met if a juvenile is placed in the custody of an individual appointed by the juvenile court, so 8 CFR 204.11(c)(1)(*i*)(B) (2022) contemplates guardianship as a means by which a juvenile may be determined to be dependent on a juvenile court. In this case, the trial court appointed petitioner as EAHC's temporary guardian, "expiring on 12/15/23."

---

[2] Other states have implemented statutes to specifically address this matter, but Michigan has not. See Cal Prob Code § 1510.1(a)(1) (West 2019) (allowing a juvenile court to appoint guardians to unmarried individuals between the ages of 18 and 21, with a petition to make SIJ findings); see also Md Code Ann, Fam Law, § 1–201(a), (b)(10) (West 2022) (defining a child as an unmarried individual under the age of 21 and giving the equity court jurisdiction over SIJ factual findings); NY Fam Ct Act § 661(a) (McKinney 2011) (defining minor as a person under 21 who consents to the appointment or continuation of a guardian after age 18).

[3] MCR 3.979(C)(1)(b) applies to juvenile guardianships that arise from permanency planning and termination proceedings.

[4] MCL 712A.2(b)(6) grants a trial court jurisdiction over a juvenile "if the juvenile has a guardian under the estates and protected individuals code" and the juvenile's parents meet certain criteria.

Under Michigan, law, "[a] temporary guardianship is the same as a permanent or 'ordinary' guardianship except that a temporary guardianship may not exceed six months." *Deschaine v St Germain*, 256 Mich App 665, 668 n 4; 671 NW2d 79 (2003). A temporary guardian has the status as an ordinary guardian of a minor. MCL 700.5213(3). In other words, "temporary guardians are merely a subcategory of ordinary guardians, differing only in that a temporary guardian's authority automatically terminates at a time certain (within six months) rather than being open-ended." *Kater v Brausen*, 241 Mich App 606, 609; 617 NW2d 40 (2000).

In the context of SIJ determinations, a temporary guardian is the equivalent of a permanent guardian. Temporary guardianship creates a dependency on the juvenile court in the same manner that permanent guardianship does. See 8 CFR 204.11(c)(1)(*i*)(B) (2022). Here, while petitioner acted as EAHC's temporary guardian, EAHC was dependent on the court for SIJ-related purposes. It was unnecessary for the trial court to wait until a permanent guardianship was put in place before making a finding of dependency. Accordingly, the trial court could have rendered SIJ findings on December 1, 2023.

But, by its terms, the temporary guardianship in this case expired on December 15, 2023. After that date, petitioner was not acting as EAHC's temporary guardian, so EAHC was no longer "dependent on the juvenile court," as required by 8 USC 1101(a)(27)(J). See *In re Velasquez*, 344 Mich App at 128. Hence, after December 15, 2023, the trial court no longer could make the SIJ findings necessary to confer SIJ status on EAHC due to the lack of jurisdiction over EAHC. For that reason, the trial court committed no error in dismissing this case on December 27, 2023, for want of jurisdiction over EAHC and thus refusing to make SIJ findings after December 15, 2023.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates